## FOSTER v. CHASE et al.

(Circuit Court, D. Vermont. August 22, 1896.)

NATIONAL BANKS—ASSESSMENTS ON STOCK—MINORS AS SHAREHOLDERS.

One buying stock in a national bank in the names of his minor children himself becomes liable to assessment as a shareholder, for minors are incapable of assenting to become stockholders, so as to bind themselves to the liabilities thereof.

This was a suit in equity by Edwin L. Foster against Henry Chase and others to recover an assessment upon the stock of a national bank.

W. L. Burnap, for plaintiff.

W. P. Stafford, for defendants.

WHEELER, District Judge. The defendant bought stock in the names of his minor children in the First National Bank of Silver City, N. M., of which the plaintiff is receiver, and this suit is brought for an assessment upon it made by the comptroller of the currency. The plaintiff claims that the defendant made himself liable for the assessment because of the incapacity of his children to take the stock and make themselves liable for it. He insists that they only are the shareholders, and liable, if any one is. Assent is necessary to becoming a shareholder, subject to this liability, in a national bank. Keyser v. Hitz, 133 U. S. 138, 10 Sup. Ct. 290. Minors do not seem to have anywhere the necessary legal capacity for that. The principles upon which this disability rests are elementary and universal. 1 Bl. Comm. 492; 2 Kent, Comm. 233. In buying and paying for this stock, and having it placed on the books of the bank, the defendant acted for himself; in having it placed there in the names of his children, as with their assent, he assumed to act for them. As they could not themselves so assent as to be bound to the liabilities of a shareholder, they could not so authorize him to assent for them as to bind them. To the extent that they could not be bound he acted without legal authority, and bound only himself. Story, Ag. § 280. This liability has been sought for defendant to be likened to that of married women becoming shareholders; but that has been incurred where, and because, the law of the place authorized them to become such. Keyser v. Hitz, supra; Bundy v. Cocke, 128 U. S. 185, 9 Sup. Ct. 242. No law confers that capacity upon infants, but the banking law seems to refer this liability to their estates in the hands of their guardians. Rev. St. U. S. § 5152. Decree for plaintiff.