(113 App. Div. 597)

PERSONS et al. v. GARDNER et al.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

BANKS AND BANKING—STOCKHOLDERS—LIABILITY—TRANSFER OF STOCK—EFFECT.

Under Const. art. 8, § 7, making stockholders of banking corporations individually responsible to the amount of their respective shares for the debts of the corporations. and Banking Law, §§ 52, 53 (Laws 1892, p. 1869, c. 689), making a stockholder of a banking corporation liable to the amount of his stock in addition to the amount invested therein, and·declaring that no person, who has in good faith transferred his stock "on the books of the corporation when solvent" shall be subject to any personal liability, the transfer of bank stock to relieve the transferror from liability for the debts of the bank must be made in good faith and while it is solvent.

Appeal from Special Term, Erie County.

Action by Henry Persons and another, as receivers of the Bank of Commerce in Buffalo, against William H. Gardner and others. From a judgment for plaintiff, certain of the defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Moot, Sprague, Brownell & Marcy, for appellants.

Morey & Bosley and Wadsworth, Blackmon & Wadsworth, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought by the receivers of the Bank of Commerce of Buffalo against the appellants, Gardner, Chard, Miller, and the estate of Gratwick, with many others, as stockholders of the bank, to recover amounts sufficient to make good a deficiency in the assets. The capital stock of the bank was $200,000. After the trial had continued for some time, a stipulation was made by the parties that the deficiency

in the assets was $100,000, and that plaintiffs were entitled to recover 50 per cent. of the par value of the stock to make up such deficiency. There was no dispute as to most of the shares of stock, and what persons were liable on account thereof. There was controversy, however, as to certain shares, and this was the only matter determined by the court and here appealed from. The bank closed its doors October 14, 1896, and was legally dissolved December 3, 1896. The appellants had been stockholders for some time, and before the bank failed made the following transfers of stock: Gardner, June 19, 1896, 15 shares to Hefford; Gardner, September 30, 1896, 100 shares to Otto; Gratwick, June 19, 1896, 20 shares to Hefford; Gratwick, July 15, 1896, 95 shares to Graves; Miller, September 23, 1896, 75 shares to trustees, etc.; Chard, June 19, 1896, 15 shares to Hefford. The bank was insolvent when these transfers were made, and had been for some time before. The question in dispute was whether by such transfers the appellants relieved themselves from liability on account of the shares of stock so transferred. The court held that they were not relieved from liability, and ordered judgment against them accordingly.

Some complaint is made on behalf of the appellants because the court did not pass upon the question of good faith in making the transfers, but based their liability solely upon the fact that the bank was insolvent when the transfers were made. If such basis was sufficient, then the judgment must be affirmed. If it was not, then the judgment must be reversed, and the question of good faith be passed upon by the trial court. This question arises under sections 52, 53, of the banking law of this state. Chapter 689, p. 1869, Laws 1892.

The Constitution (article 8, § 7) provides:

"The stockholders of every corporation and joint stock association for banking purposes shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

And then the sections of the banking law referred to provide:

"Sec. 52. Except as prescribed in the stock corporation law, the stockholders of every such corporation (bank) shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The term 'stockholder,' where used in this chapter, shall apply not only to such persons as appear by the books of the corporation to be stockholders, but also to every owner of stock, legal or equitable, although the same may be on such books in the name of another person; but not to a person who may hold the stock as collateral security for the payment of a debt."

By amendment to this section (chapter 441, p. 579, Laws 1897) it is provided that where a corporation has been dissolved and a permanent receiver appointed, the action can only be maintained by such receiver, etc. Persons v. Gardner, 42 App. Div. 490, 56 N. Y. Supp. 822, 59 N. Y. Supp. 463.

"Sec. 53. No person who has, in good faith and without any intent to evade his liability as a stockholder, transferred his stock, on the books of the corporation, when solvent, to any resident of this stock, of full age, previous to any default, in the payment of any debt or liability of the corporation, shall be subject to any personal liability on account of the non-

payment of such debt or liability of the corporation, but the transferee of any stock so transferred previous to such default, shall be liable for any such debt or liability of the corporation to the extent of such stock in the same manner as if he had been the owner at the time the corporation contracted such debt or liability."

The exception at the commencement of section 52 refers to certain limitations of the stockholder's liability under section 55 of the stock corporation law (chapter 688, p. 1841, Laws 1892). Those limitations are not material to the questions we are here considering. The statute is perfectly plain, and the construction given to it by the trial court in this case is entirely correct. The transfer of stock, in order to be effectual in relieving the transferror from liability for the debts of the corporation, must not only be made in good faith and without any intent to evade his liability as a stockholder, but must be made while the corporation is solvent. The statute so provides in unmistakable language, and no judicial construction can relieve the section of the words "when solvent," nor can it import into the statute the idea that the stockholder must know, or have reason to know, of the insolvency in order to deprive him of the benefit to be derived from the transfer of the stock. The case of Earle v. Carson, 188 U. S. 44, 23 Sup. Ct. 254, 47 L. Ed. 373, was a case arising under the national banking act (Act June 3, 1864, c. 106, § 5139, 13 Stat. 102 [U. S. Comp. St. 1901, p. 3461]), which differs from the sections in our state banking law. A reading of these provisions all together shows how the cases under the national act are distinguishable from and inapplicable to cases arising under our state law. No such provision as we are considering is contained in the national act. The fact of insolvency at the time these transfers were made is not controverted. That these transferrors knew, or had reason to know, of such insolvency when they made the transfers was not determined by the trial court.

We are of the opinion that the conclusion arrived at by the court below was correct, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.