### PERSONS et al. v. GARDNER et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. TENDER—PAYMENT ON CONDITION.

> The delivery of money on condition that it should be held and repaid in a certain event is not a valid tender.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Payment, §§ 33–38.]

2. PAYMENT—HOW MADE.

> Payment is made by the debtor delivering to the creditor money or some other valuable thing to extinguish the debt, which is received by the creditor for the same purpose.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 9–37.]

3. JUDGMENT—PAYMENT—STIPULATION—INTEREST.

> Defendants, when sued as stockholders of a bank by its receivers to enforce stockholders' liability, alleged an assignment of the stock. Before decision it was stipulated that judgments should be entered against defendants for a specified percentage of the stock held by them, and that they should pay the judgments as a condition of their right to appeal, and that they then might appeal solely to determine the question raised by their defense. The money was paid, and appeals taken, in which the judgments were affirmed. *Held*, that the deposits did not constitute payment of the judgments, and while in the receivers' hands not having earned 6 per cent. interest on the amount of the judgments, to which the receivers were entitled as provided by Code Civ. Proc. § 1211, defendants were liable for the difference between the interest earned on the deposits and 6 per cent. on the amount of the judgments.

Appeal from Special Term, Erie County.

Action by Henry H. Persons and another, as receivers of the Bank of Commerce in Buffalo, against William H. Gardner and others. From an order directing plaintiffs, as receivers, to satisfy certain judgments against defendants on payment by them of the aggregate amount

of certain judgments for costs on appeal, plaintiffs appeal.   Reversed.
Motion denied.

See 98 N. Y. Supp. 807.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Edward R. Bosley, for appellants.
Adelbert Moot, for respondents.

ROBSON, J.   The action in which the judgments referred to in
the order were obtained was brought by plaintiffs, as receivers of the
Bank of Commerce in Buffalo, against the respondents, Gardner, Mil-
ler, and the Grathwick executors, as defendants, with many others, to
enforce the statutory liability of the defendants as stockholders in said
bank.   Defendants by answer denied such liability.   After a protract-
ed hearing of the case, but before its conclusion, plaintiffs and defend-
ants entered into a stipulation, by which the liability of the defendant
stockholders, who were parties to it, was agreed upon with plaintiffs
to be 50 per cent. on each dollar of the par value of the stock.   The
stipulation further provided in effect for the entry of judgment in
favor of plaintiffs and against each of those defendants as to whose
ownership of the stock there was no controversy for an amount equal
to 50 per cent. of the stock severally held by them.   This stipulation
and the subsequent proceedings in pursuance thereof disposed finally
of the controverted questions so far as these defendants were con-
cerned.   There was, however, another group of stockholders, who
claimed that they were not the owners or holders of the stock which
they had previously held, having, as they claimed, sold it at various
dates preceding that on which the bank closed its doors, and therefore
their transferees, and not themselves, were liable as the real stock-
holders, if any such liability existed.   This group of defendants, to
which we have just referred, was made up of the respondent defend-
ants, Gardner, Miller, and Grathwick's executors, above named, and
one other, James F. Chard, who is in no way interested in the order
appealed from for reasons that will hereafter appear.   The defendants
comprising this group were also parties to the stipulation above re-
ferred to.   As to them it provided, in substance, that the question as
to who were liable as holders or owners of the stock so held and trans-
ferred should be determined by the court, and judgment in favor of
the plaintiffs should "enter upon such decision for a sum equal to 50
per cent. of the face value of the stock decided to be held by such de-
fendant."   The effect of this stipulation and the interlocutory judg-
ment entered thereon was that the sole question left to be litigated by
the defendants, who were parties thereto, involved only the determina-
tion by the court whether the transferrors or the transferees of the
stock in question were liable to the plaintiffs for the agreed amount
of the judgment.   As to these defendants the stipulation further pro-
vided that the decision of the court was not to be accepted by them as
necessarily final, though the right to appeal from the judgment entered
thereon was limited as thus stated in the stipulation:

"All rights of appeal from such judgment are waived, except only as to
those defendants who may be held liable by the decision of the court upon

stock included in paragraph numbered 2 [i. e., stock transferred by these respondents and the defendant Chard]. Such appeal can be taken only upon the question as to which defendant or defendants are liable, and such right of appeal shall be conditioned upon such appellant depositing with the receivers at or before serving his notice of appeal the amount of the judgment appealed from, to be held by them, to be repaid in case judgment shall finally go in favor of appellant, excepting that, in case of the controversy between the defendant Hefford and the defendants Grathwick, Chard, and Gardner, the judgment shall be paid as a condition of appeal upon such question."

It appeared that Chard had transferred all of his stock to Hefford. Grathwick and Gardner had transferred some of their stock to Hefford, and the remainder to other parties. Respondent Miller had transferred all his stock to parties other than Hefford. The court by its decision determined that Chard, Miller, Gardner, and Grathwick's executors, and not their transferees, were liable as the holders and owners of the stock, and judgment was entered against them in the several amounts proportioned to the shares of stock held by each, as provided by the stipulation. They then appealed from the judgment, and concurrently, as required by the stipulation, Chard paid to plaintiffs the total amount of the judgment against him. The defendants Gardner and Grathwick's executors each paid the proportion of the judgment against them, represented by the stock which they had transferred to Hefford, and at the same time deposited with plaintiffs the several amounts, representing the balance of the judgments against them, with interest; the defendant Miller also depositing in like manner the amount of the judgment against him, with interest thereon. The judgment was affirmed by the Appellate Division (113 App. Div. 597, 98 N. Y. Supp. 807), and later by the Court of Appeals (80 N. E. 1118). On the final affirmance of the judgment these respondents tendered the amount of the two judgments for costs in the Appellate Division and the Court of Appeals, and demanded satisfaction of the judgments against them, including the original judgment. This was refused, and they thereupon made application to the Special Term for an order directing the cancellation of the judgments on payment of the two judgments for costs, and from the order there obtained granting that relief this appeal is taken.

It appears that the moneys deposited by respondents with plaintiffs at the time the former took their appeal from the judgment has earned interest at a less rate than 6 per cent. Plaintiffs claim that the judgment bears interest at the rate of 6 per cent. per annum, and that respondents are not entitled to a discharge of this first judgment until the difference between the amount of the deposit, with the accumulated interest thereon, and the amount of the judgment, with interest at 6 per cent. thereon, shall be paid. This difference at the time the order was made was approximately $1,300. This claim presents the question the determination of which is involved in this appeal. That the owner of this judgment is entitled to insist on receiving interest at the rate of 6 per cent. thereon, unless the right thereto is affected or modified by some fact or consideration not appearing in the judgment itself, is clear. Code Civ. Proc. § 1211. If this statutory right to that rate of interest is to be denied, the reason therefor must be sought in the fact that respondents deposited with plaintiffs the amount of the

judgment at the time the appeal therefrom was taken, and the understanding and agreement as to the effect and purpose thereof. This deposit, made by the debtors with the creditors, must necessarily, it would seem, be regarded as made, either as security for, or payment of, the indebtedness represented by the judgment. That it was not made to, or received by, plaintiffs as payment, we conclude from the terms of the stipulation pursuant to which it was delivered to them. The stipulation recites that, as a condition of appealing from the judgment, the appellant must deposit with plaintiff receivers the amount of the judgment appealed from, to be held by them, and to be by them repaid in case judgment shall finally go in favor of appellants. Clearly this does not contemplate that the judgment was to be regarded as paid by the deposit. Dinkel v. Wehle, 63 How. Pr. 298. The delivery of the money was upon condition that it should be held, and in a certain event repaid. Such a deposit of money would not even be good as a tender. Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369.

Payment is made by the debtor's delivering to his creditor money, or some other valuable thing, for the purpose of extinguishing the debt, which is received by the creditor for the same purpose. Kingston Bank v. Gay, 19 Barb. 460. That the parties to the stipulation clearly recognized that the deposit, to be made as a condition of bringing appeal, was not, and was not to be considered, in any sense as paying the judgment, also appears in the clear distinction that was made in the condition upon which an appeal could be brought, so far as the judgment fixed the liabilities of defendants growing out of the ownership of the stock transferred to Hefford. These amounts were required to be paid as a condition of appeal from so much of the judgment as was dependent upon that liability; as to the remainder the amount was to be deposited, and thereafter held subject to repayment in the event of a successful final determination on appeal. This distinction is also observed with equal clearness in the form of the receipts, which respondents took when the money was deposited with plaintiffs, as the stipulation required to perfect the appeal from that part of the judgment based on their liability as owners of stock other than that transferred to Hefford, and paid as to the amount represented by the liability as owners of the Hefford stock. This deposit, we hold, was clearly not made or received as payment, but as security only, upon which the right to appeal was conditioned.

We cannot agree with the suggestion of respondents' counsel that by understanding and agreement of the parties there was to be a substitution of the deposit with its increment by way of interest earned pending the appeal, in place of respondents' liability on the judgment, and that after the deposit it was the ultimate ownership of that fund, and not the right to maintain the judgment, that was to be determined on the appeal. We find nothing, either in the stipulation itself, the judgments thereafter obtained in the action, the decree settling the accounts of the receivers, or the understanding of the parties as evidenced by their conduct, which in any way tends to support that position. The

order should be reversed, with $10 costs and disbursements, and re-spondents' motion denied, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.