JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Respondent, v. MAX AARON and Others, Defendants, Impleaded with DORIS STERNLIEB, Appellant.

First Department, April 6, 1934.

*Emanuel Redfield* of counsel [*Dalton A. Dwyer* with him on the brief; *Dwyer & Redfield*, attorneys], for the appellant.

*Arthur Ofner* of counsel [*Warren C. Fielding, Harold N. Cohen* and *Isadore H. Cohen* with him on the brief; *Carl J. Austrian*, attorney], for the respondent.

TOWNLEY, J.   This action is brought for the recovery of money due from defendant Doris Sternlieb, as a stockholder in the insolvent Bank of United States, pursuant to sections 80 and 120 of the Banking Law.   The ground of this motion to dismiss the complaint is that the defendant is not liable for any assessment because she is an infant and also because, while still an infant, she rescinded the purchases and offered to return her seventeen shares to the Bank of United States.

According to the affidavit in opposition to the motion, five of the seven shares claimed to have been purchased by the defendant from the Bank of United States were sold by Gilbert Elliott & Co. to one Miriam Sternlieb, whose relationship to the

defendant does not appear, and were registered in the name of the defendant; two shares were acquired not from the Bank of United States, but from Bankus Corporation in exchange for four shares of City Financial Corporation stock, and the balance of ten shares was purchased from N. A. Rosen & Co., also by Miriam Sternlieb, and recorded in the name of the defendant.

It is claimed by the plaintiff that rescission against the bank has no merit as a defense since defendant never purchased her stock from the bank. With this contention we agree and the motion must be decided as if there had been no rescission which was binding on the liquidator. Accordingly, the simple question is presented whether infancy is a defense to this statutory action.

Liability for the payment of the par value of the stock to the liquidator rests upon constitutional and statutory enactments. The Constitution of the State of New York, article 8, section 7, provides that " The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind." By section 3 of the Banking Law the term " stockholder " is defined as " a person who appears by the books of a stock corporation to be the owner and holder of one or more shares of the stock of such corporation." Section 80 of the Banking Law provides that the Superintendent of Banks may enforce the statutory liability after he has decided that the value of the assets is not sufficient to pay the creditors in full. Section 120 of the Banking Law, after stating that individual liability must be governed exclusively by the provisions of section 120 and section 80, reads: " The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. An action to enforce such liability must be brought within six years after the cause of action has accrued. The term ' stockholder ' as used in this section shall apply to:

" 1. Such persons as appear by the books of the bank to be stockholders;  *  *  *

" *No person who has in good faith, and without any intent to evade his liability as a stockholder, caused his stock to be transferred on the books of the bank when such bank is solvent to any resident of this State of full age* previous to any default in the payment of any debt or liability of the bank, shall be subject to any personal liability for any contracts, debts or engagements of the bank." (Italics ours.)

The italicized portion of the above section indicates an intent by the Legislature to exempt infants from liability. No other purpose would be served by the reservation of the liability in the transferor therein expressed. This interpretation does no more than preserve the infant's exemption which has been in the law relating to moneyed corporations since liability was first imposed upon stockholders. By 1 Revised Statutes, 588, title II, of Monied Corporations, section 18, it was provided that " no legal or equitable owner of stock, under the age of twenty-one years, shall be individually responsible on account of the shares so held." The exemption of infants in this direct form was dropped in 1849 (Laws of 1849, chap. 226), but transferors to infants since that time have been unable to avoid the constitutional responsibility put upon them as stockholders. The fact that an adult is under this disability to divest himself of liability can only be satisfactorily explained on the ground that the Legislature has permitted transfers of bank stock to infants only to the extent that such transfers will be beneficial to them and has decreed that the detrimental liability connected therewith shall not be transferable to them.

That stockholder's responsibility has been embodied in the Constitution is of no moment. The Constitution does not define the term " stockholders." The definition is statutory, and, having been made by the Legislature, must be interpreted in view of all the rules of law. In the absence of a clear intention to abolish the protection of infants, such inference is not lightly to be made.

Such was the view of the Supreme Court of the United States in *Early* v. *Richardson* (280 U. S. 496). In that case the defendant purchased stock in a national bank with the intention of making a gift of this stock to his minor children. He caused the transfer to them to be made on the books of the bank. Certificates were issued in their own names and to all intents and purposes under the Federal statute the children were as much stockholders in the national bank and as responsible for an assessment as the present defendant. The Supreme Court held that since the transferees were minors without legal capacity to assume the obligation and the transfer having resulted to their disadvantage, the law will void the transfer for them and will hold the transferor alone. Mr. Justice SUTHERLAND, writing for the court, cited with approval *Foster* v. *Chase* (75 Fed. 797) as follows: " 'Assent is necessary to becoming a shareholder, subject to this liability, in a national bank. *Keyser* v. *Hitz*, 133 U. S. 138, 10 Sup. Ct. 290. Minors do not seem to have anywhere the necessary legal capacity for that. The principles upon which this disability rests are elementary and universal. 1 Bl. Comm. 492; 2 Kent Comm. 233. In buying

and paying for this stock, and having it placed on the books of the bank, the defendant acted for himself; in having it placed there in the names of his children, as with their assent, he assumed to act for them. As they could not themselves so assent as to be bound to the liabilities of a shareholder, they could not so authorize him to assent for them as to bind them. To the extent that they could not be bound he acted without legal authority, and bound only himself. Story, Ag. § 280.' "

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.