GEORGE W. EGBERT, SUCCESSOR TO JOSEPH A. BRODERICK, AS SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, PLAINTIFF, v. BENJAMIN ABRAMS ET AL., REFERRING IN PARTICULAR TO DEFENDANTS JOSEPH OKIN, HUGO ADERER AND ELSIE J. LISSNER, DEFENDANTS.

Decided January 16, 1936.

For the plaintiff, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

For the defendant Joseph Okin, *Charles S. Okin.*

For the defendant Hugo Aderer, *Aaron Marder.*

For the defendant Elsie J. Lissner, *Farkas & Samuels* (*Aaron Marder,* of counsel).

PORTER, S. C. C.   The Bank of United States was closed by the superintendent of banks of the State of New York on December 11th, 1930.   He kept possession of it and, subsequently, declared it insolvent and certified to that effect under the provisions of the New York law.

This suit is brought to recover from residents of New Jersey, stockholders of the bank, an assessment to the amount of their respective shares for the debts and liabilities of the bank.

The assessment was made on July 1st, 1932, against stockholders of record as of December 11th, 1930.   The above named defendants, it is alleged in the complaint, were all stockholders of record on that date.   Each of them have demanded particulars of the plaintiff.   The information sought is as to precisely when the bank, in fact, became insolvent and who were the stockholders of record at that time. Information is also sought as to the prior owners of the said defendants' stock.

The plaintiff's motion is to strike the bill of particulars, contending that the same is improper, immaterial, and irrelevant to the issues of the suit.   That contention, it seems to

me, is sound. If the defendants desire this information in order to attack the determination of the superintendent of banks as to the insolvency of the bank, it is improper because the solvency question has been judicially determined and cannot again be questioned, either as to the fact or as to the precise time that it occurred. *Broderick* v. *Adamson,* 148 *N. Y. Mis.* 353; 265 *N. Y. Supp.* 804; *Broderick* v. *American Central Corp. et al.,* 71 *Fed. Rep.* (2d) 864.

If the information is sought in order that suits may be instituted against the predecessors in title of the defendant stockholders, that also is improper. As a matter of fact, I understand that that information has been furnished the defendants, but not as a bill of particulars. Every stockholder of this bank, under the constitution and statute law of New York State, became liable to an assessment if the corporation became insolvent. The only exception is where a stockholder transfers his stock "in good faith" while "the bank is solvent * * * previous to any default." In such a case he is relieved from liability. *Persons* v. *Gardner,* 113 *App. Div.* 597; 98 *N. Y. S.* 807; *affirmed,* 188 *N. Y.* 571. That being so, every stockholder of record as of December 11th, 1930, is liable for an assessment if the bank was insolvent at that time. If it were not, in fact, insolvent at that date but became so later and, in the meanwhile, a stockholder had transferred his stock in good faith, such stockholder would be relieved from the assessment. But in the instant case, the defendants in question do not contend that the stock was, in fact, transferred by them in good faith while the bank was solvent. It is, therefore, it seems to me, immaterial and irrelevant as to precisely when the insolvency first existed, quite aside from the very practical point as to whether it be possible to ascertain when insolvency first occurred.

I do not find that *Broderick* v. *Aaron,* 268 *N. Y.* 260, relied upon by the defendants, rules contrary to those views, either directly or by analogy. The function of a bill of particulars is twofold; first, to ascertain the details of the scope of plaintiff's case in order that proper answer may be made and defense prepared; and, secondly, to limit the plaintiff in his proofs at the trial. The complaint in the instant case fully

sets forth the cause of action. The injection by these defendants of the immaterial and irrelevant matter by these demands for particulars is an effort to raise other issues not germane to the issues of the complaint and, therefore, are improper.

Under date of October 3d, 1935, a memorandum was filed by me in this case, striking the answers and bill of particulars as to certain defendants and including those herein considered. As to the latter, however, no order was entered and further hearing was requested, allowed, and briefs were submitted for the reason that on the former motion this point was not specifically decided. Nevertheless, what is here said is supplemental to the said memorandum of October 3d, printed in 13 *N. J. Mis. R.* 795.

The bill of particulars will be struck for the above reasons.