WILLIAM R. WHITE, as Superintendent of Banks of the State of NEW YORK, Plaintiff, *v.* PEARL ADLER, LOUIS SAKS and Others, Defendants.

Supreme Court, Special Term, New York County, June 2, 1936.

Carl J. Austrian [Harold N. Cohen and Suzanne Cohen of counsel], for the plaintiff.

Rubenstein & Rosling, for the defendant.

HOFSTADTER, J. The defendant Louis Saks moves under subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint.

On December 10, 1930, the day prior to the closing of the Bank of United States, the moving defendant, who was the owner of 200 shares of its stock, presented a certificate representing 100 of these shares at a branch office for transfer upon the stock ledger out of his name and into the name of one Lois S. Johnston. Although the transfer was not actually consummated until after the Superintendent of Banks took possession, the officials of the bank, pursuant to their regular practice, posted the transfer on the books as of the date of the presentation for transfer. Thus the bank records indicated that at the time of closing, Saks was the owner of only 100 shares of stock.

In the original action to recover the assessment levied by the Superintendent of Banks, Saks was named as a defendant as the holder of record of 100 shares, and the claim was prosecuted to judgment. In that action the assessment was sought to be enforced only against stockholders of record. Subsequent to the commencement of suit, the Court of Appeals in Broderick v. Aaron (Kessler) (268 N. Y. 411) determined that in the absence of negligence on the part of the bank, a purported transfer similar to the one

herein involved was ineffectual to divest the transferor of his assessment liability. The present suit was then brought against Saks and others similarly situated on the authority of this decision.

The defendant contends that the liability of stockholders for the assessment is entire and indivisible, and urges the familiar rule against splitting single causes of action as a bar to recovery. This contention is without merit.

Section 120 of the Banking Law provides that stockholders of every bank shall be individually responsible to the extent of their stock holdings for the debts and engagements of the bank, and defines stockholders as:

" 1. Such persons as appear by the books of the bank to be stockholders;

" 2. Every owner of stock, legal or equitable, although the same may be on such books in the name of another person."

Under subdivision 2 there are many instances where a person remains liable even though he has ceased to occupy the status of a stockholder of record. (*Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228; *Broderick* v. *Aaron* [*Kessler*], *supra; Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260; *Broderick* v. *Aaron* [*Sternlieb*], 240 App. Div. 537; affd., 266 N. Y. 506; *Persons* v. *Gardner*, 113 App. Div. 597; affd., 188 N. Y. 571.) Under subdivision 1 every person who appears by the books of the bank to be a stockholder is liable even though he has no beneficial or equitable ownership of the stock recorded in his name. (*Broderick* v. *Adamson*, 148 Misc. 353.)

The claim of the Superintendent of Banks in each of these cases is based on a different combination of facts and circumstances, and liability is predicated on a distinct legal theory and provision of the governing statute. Accordingly, I am clear that under section 120 of the Banking Law, a series of independent and separate causes of action is created, and the Superintendent is not required to sue all persons who might conceivably be liable on any theory in a single action, or suffer the alternative of losing rights against those persons who by a casual circumstance are liable for the assessment both as stockholders of record and as former holders of stock whose presentation for transfer was not timely or sufficient to extinguish liability. The rule which frowns on the splitting of entire causes of action does not preclude the possibility of separate suits upon independent causes of action in which the allegations of the complaints are dissimilar and the evidence necessary to support the claims asserted is not the same.

While section 80 of the Banking Law contemplates a single suit against stockholders, that section by its terms is limited to

proceedings against stockholders of record (*Broderick* v. *Normandie National Securities Corp.*, 240 App. Div. 409); and the Superintendent fully complied with its provisions when he commenced and prosecuted to finality a comprehensive suit against all persons in this category.

But there is another and sufficient answer to the contention urged by the defendant. The rule of law relied upon is a technical rule, and while it has a salutary purpose to avoid harassment of defendants and multiplicity of suits, it operates to prevent recovery on an otherwise valid claim. The rule is enforced in equity only in the exercise of a sound judicial discretion (*O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496, 500), and even in actions at law it properly may be disregarded in exceptional cases.

In *Petersen* v. *Claire* (118 Misc. 85, 88), Judge LEHMAN, then a justice of the Supreme Court, stated: " Where any case comes within a general rule established to effectuate a well-defined public policy, a court must apply the general rule * * * but where there are special circumstances in the particular case which take the case outside of the policy upon which the rule is founded, then logically the courts should not extend the general rule to cover the particular case."

The difficulties confronting the State officials charged with the responsibility of enforcing the innumerable claims arising under the Banking Law need not be adverted to at length. It was a monumental task to sift the facts upon which liability might be predicated, and in many instances the law was in an unsettled state. Because of these circumstances the Superintendent of Banks is not chargeable with any neglect in failing to sue this defendant in one suit comprehending his entire assessment liability. The State officials are only acting as representatives of depositors and creditors of the bank, and the court is loathe to penalize the beneficiaries of such action in the absence of a clear showing of undue hardship and prejudice to the defendant. Certainly there is no intent to harass, and the resulting multiplicity of suits is of no real significance, bearing in mind the great number of actions which of necessity must be presented to the court for determination.

The considerations of sound public policy which generally operate to preclude a splitting of a cause of action are not applicable in the present situation in view of the unusual and special circumstances here disclosed, and it would be subversive of the obvious intendment of the statute to apply the rule with rigidity to suits of this nature.

Motion is accordingly denied. Order signed.