GREENVILLE DEPOSITORS CORP. v. ANDERSON.

1. BANKS AND BANKING—MINORS—ASSENT TO HOLDING BANK STOCK.
   Minors are not competent to assent to becoming stockholders in a bank where such stock is subject to liability for assessment (3 Comp. Laws 1929, § 11945).

2. SAME—TRANSFER OF STOCK TO INFANTS—LIABILITY OF STOCKHOLDER FOR ASSESSMENTS.
   Bank stockholder who transferred shares of stock to an infant remained liable for calls or assessments even though he may not have acted with a fraudulent intent in making the transfer (3 Comp. Laws 1929, § 11945).

Appeal from Montcalm; Hawley (Royal A.), J. Submitted October 3, 1939. (Docket No. 2, Calendar No. 40,543.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Bill by Greenville Depositors Corporation, a Michigan corporation, and another against Albert M. Anderson and wife, Samuel T. Metzger and others for a money decree for stock assessment. From decree rendered, defendant Metzger appeals. Affirmed.

*Rarden & Brace* and *Eldred & Gemuend,* for plaintiffs.

*Brake, Davis & Miel,* for defendant Metzger.

Potter, J. Plaintiffs filed a bill against defendants to obtain a money decree for a stock assessment against the owners of shares of stock in the Greenville State Bank, and particularly against Samuel T. Metzger for a stock assessment of $2,400 and to set aside and cancel a stock certificate issued to his minor daughter, Betty Ann Metzger.

The Greenville State Bank was closed February 14, 1933, and a conservator appointed therefor March 28, 1933. The conservator accepted the trust and qualified as such. The Greenville Depositors Corporation, upon the reorganization of the Greenville State Bank as the First State Bank of Greenville, took over the assets which were not taken over by the reorganized bank.

July 25, 1932, Samuel T. Metzger transferred to Betty Ann Metzger 24 shares of stock in the Greenville State Bank. The bill of complaint alleges this transfer was made in bad faith and at a time when Metzger knew the affairs of the Greenville State Bank were in a precarious condition, was without consideration, and that he remained liable upon the stock the same as if the transfer had not been made. No question is raised but that the assessment of 100 per cent. upon the par value of the stock made in pursuance of 3 Comp. Laws 1929, § 11945 (Stat. Ann. § 23.52), was regular.

The rule seems to be universal that minors are not competent to assent to becoming stockholders in a bank.

In *Roman* v. *Fry,* 5 J. J. Marsh. (28 Ky.) 634, it is said:

"This is an attempt, by Roman and others, to escape the responsibility imposed on them as stockholders in the Fayette Paper Manufacturing Company, by their charter. The principles in respect to their liability have heretofore been settled by this court, in the case of [*Castleman*] *Dallam* v. *Holmes,* 4 J. J. Marsh. (27 Ky.) 1.

"We perceive no new facts in the case which can exonerate the plaintiffs in error, or any of them. If Dallam were permitted to escape by taking stock in the names of infant children, the whole object of the charter in securing the community against the insolvency of the corporation might be defeated. We cannot suffer it to be done. Such a thing would be a fraud on the community. We see no good reason why the court should have opened its decree to receive the supplemental answer of Dallam.

"The decree is affirmed with costs."

"The owner of stock cannot escape liability by taking it in the name of his infant children. *Roman* v. *Fry,* 5 J. J. Marsh. (28 Ky.) 634." *Sanger* v. *Upton,* 91 U. S. 56.

In *Foster* v. *Chase,* 75 Fed. 797, the father bought bank stock in the names of his minor children and suit was brought against him for the amount of an assessment. It was said:

"The plaintiff claims that the defendant made himself liable for the assessment because of the incapacity of his children to take the stock and make themselves liable for it. He insists that they only are the shareholders, and liable, if any one is. Assent is necessary to becoming a shareholder, subject to this liability, in a national bank. *Keyser* v. *Hitz,* 133 U. S. 138 (10 Sup. Ct. 290). Minors do not seem to

have anywhere the necessary legal capacity for that. The principles upon which this disability rests are elementary and universal. 1 Blackstone's Commentaries, p. 492; 2 Kent, Commentaries, p. 233. In buying and paying for this stock, and having it placed on the books of the bank, the defendant acted for himself; in having it placed there in the names of his children, as with their assent, he assumed to act for them. As they could not themselves so assent as to be bound to the liabilities of a shareholder, they could not so authorize him to assent for them as to bind them. To the extent that they could not be bound he acted without legal authority, and bound only himself. Story, Agency (9th Ed.), p. 348, § 280.''

The language from *Foster* v. *Chase, supra,* was quoted with approval in *Early* v. *Richardson,* 280 U. S. 496 (50 Sup. Ct. 176, 69 A. L. R. 658).

''As a general rule, if one purchases bank stock in the name of an infant who, because of his incapacity to contract, cannot be held liable as a stockholder for the superadded liability attaching to such stock, the purchaser is liable.'' 7 Am. Jur. § 86, p. 73, citing *Early* v. *Richardson, supra; Sanger* v. *Upton, supra;* 69 A. L. R. 662 (Ann.).

It has been held also that a transferrer of stock to an infant remains liable for calls or assessments thereon. 7 Am. Jur. p. 73; 69 A. L. R. 664 (Ann.).

We think, conceding that defendant Samuel T. Metzger acted without any fraudulent intent in making this transfer of the stock, he nevertheless remained liable for the assessment.

Decree of the trial court affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.