COMMISSIONER OF BANKS *vs.* WALTHAM TRUST COMPANY
& others.

Middlesex.    October 8, 1935. — December 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, & QUA, JJ.

*Trust Company*, Stockholder, In liquidation.

One registered as a stockholder on the books of a trust company on the date when the commissioner of banks took possession thereof was liable for a stockholder's assessment though before that date wrongful conduct of the company's officers·prevented his attempted compliance with a restriction to which his stock was subject, that before selling it he should cause its appraisal by the directors and offer it for purchase by the company, and so prevented his transferring ownership of it.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on January 23, 1934.

The final decree appealed from was entered by order of *Lummus*, J.

*C. T. Bahn*, for the defendant Edith L. Burr.

*J. M. Graham*, for the plaintiff.

FIELD, J.    This is a suit in equity brought by the commissioner of banks in possession of the property and business of the Waltham Trust Company against such trust company and certain alleged stockholders thereof, under G. L. (Ter. Ed.) c. 167, § 24, as amended (see St. 1933, c. 41, § 4), to enforce against such stockholders the liability imposed on the stockholders by G. L. c. 172, § 24, and acts in amendment thereof and in addition thereto. See St. 1933, c. 87; see now St. 1934, c. 349, § 14.    The case was referred to a master who made a report which was confirmed by an interlocutory decree.    Thereafter a final decree was entered adjudicating that the defendant Edith L. Burr, herein referred to as the defendant, was a stockholder in said trust company on March 21, 1933, the date on which the plaintiff took possession of the property and business

of such trust company, assessing the statutory liability upon her and ordering her to pay the amount assessed with interest.  From this final decree the defendant appealed.

The only question for decision is whether on the facts found by the master the defendant on March 21, 1933, was a stockholder of the trust company, subject to the statutory liability of stockholders.  This question must be answered in the affirmative.

The defendant, at least since July 10, 1929, the date of her certificate of stock, has been the owner of two hundred shares of stock of the trust company.  On March 21, 1933, when the commissioner of banks took possession of the property and business of the trust company, the stock stood in her name on its books.

The by-laws of the trust company provided that "Any member of this Company who shall be desirous of selling any of his shares . . . shall cause such . . . shares . . . to be appraised by the Directors, which it shall be their duty to do on request, and shall thereupon offer the same to them for the use of the Company at such appraised value; and if said Directors shall choose to take such shares for the use of the Company, such members [*sic*] . . . shall, upon the payment or tender to him of such appraised value thereof, and the dividends due thereon, transfer and assign such share or shares to said company: Provided, however, that said Directors shall not be obliged to take such shares at the appraised value aforesaid unless they shall think it for the interest of the Company; and if they shall not, within ten days after such shares are offered to them in writing, take the same and pay such member . . . therefor, the price at which the same shall have been appraised, such member . . . shall be at liberty to sell and dispose of the same shares to any person whomsoever."  See *New England Trust Co.* v. *Abbott*, 162 Mass. 148; *Barrett* v. *King*, 181 Mass. 476; *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 178–179.  The master states that the "substance of this restriction was printed on the back of the certificates of stock as required by law."  See G. L. (Ter. Ed.) c. 155, § 40.

The defendant's contention that she is not subject to the stockholders' liability is based on the conclusion of the master from his subsidiary findings that "so far as it is a question of fact . . . this defendant was prevented from transferring her stock by the conduct of the officials of the" trust company, as set forth in the report and in the subsidiary findings.

The subsidiary findings include the following: In January, 1933, the defendant decided to sell her stock and placed it in the hands of brokers who "represented her fully" in the matter. They made efforts to sell it and "hoped to make a sale" to a customer of another broker named in the report, but "no binding contract or agreement for sale was ever made." In February there was a ready market for the defendant's stock at approximately $30 a share and it could have been sold at about that price. She "never altered her desire and determination to sell the stock." The defendant signed a request for an appraisal which was sent to the treasurer of the trust company with a letter dated January 28, 1933. The directors of the trust company "held regular meetings at which quorums were present for doing business on . . . February 1, 1933 and March 1, 1933." On the morning of February 1, 1933, the treasurer of the trust company called the defendant by telephone, asked her to postpone the appraisal and told her that it would be to her advantage to do so. The master finds that the treasurer "took an unfair advantage" of the defendant in calling her on the telephone and that she "did not agree and did not intend to agree to a postponement of this appraisal." At the meeting of the directors on February 1 they voted to appraise at $30 a share stock belonging to other stockholders but the defendant's "request for an appraisal was never presented or acted on by the Directors at that meeting." At the meeting of the directors on March 1, 1933, it was voted to appraise the defendant's stock at $30 a share but she was never notified of this action and did not learn of it until the hearing before the master. The defendant never offered her stock for sale as provided by the by-laws after the directors' meeting of March 1, 1933,

and never tendered the stock to the directors, and the directors never took any action except to make the appraisal, as already stated. The trust company was operating from March 1, 1933, to March 3, 1933, but on March 4, 1933, "the Bank Holiday," the trust company closed under orders from the commissioner of banks. It "never opened again for actual business transactions." Thereafter "the stock books were closed for transfer."

The owner of stock of a trust company on the date the commissioner of banks takes possession of its property and business, with exceptions not here material, is subject to the statutory liability whether or not the stock stands in his name on the books of the trust company. *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 175–176. But the fact that stock stands on the books of the trust company in the name of a person is *prima facie* evidence that such person is the owner thereof and the burden of proving that he is not rests upon him. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 218. And an individual once the owner of stock of a trust company and registered as such on its books cannot escape the stockholders' liability incident to ownership of such stock without showing that before the significant date he transferred ownership thereof to someone else (*Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 176) and performed the duty incumbent on him of securing the transfer of such stock on the books of the trust company or at least of doing all he could "to divest himself of the indicia of title" thereto. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 227. *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 178. *Earle* v. *Carson*, 188 U. S. 42, 44. Evidence that the person in whose name stock stands on the books of the trust company did all that he could to secure a transfer of the stock on the books and that his name remained thereon as a stockholder wholly through the fault of the trust company or its officers tends to rebut the *prima facie* evidence of the books that he is the owner of the stock.

This, however, is not a case where a stockholder trans-

ferred ownership of stock to another person and failed, through the fault of the trust company or its officers, to secure a transfer of such stock on the books of the trust company. The findings of the master do not rebut the *prima facie* evidence of the books that the defendant was the owner of the stock on March 21, 1933. Nothing in the case shows that before this date the defendant sold or otherwise transferred the ownership of the stock so that she ceased to be its owner. We need not discuss the master's findings in detail. So far as they show that wrongful conduct of the officers of the trust company prevented any dealing with the defendant's stock they show that such conduct prevented a sale of the stock by the defendant and did not merely prevent the recording on the books of the trust company of a sale of such stock completed before March 21, 1933. The defendant cannot escape liability as a stockholder on March 21, 1933, even if, through the fault of officers of the trust company, she was not able to sell her stock when she attempted to do so. Her situation is similar to that of a person who becomes a stockholder through fraud but, nevertheless, is subject to the statutory liability. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205. *Bittenbender* v. *Cosmopolitan Trust Co.* 253 Mass. 230. In the case last cited it was said (page 232): "It is contrary to the legislative policy for the protection of depositors in trust companies declared by the stockholders' liability statute, that stockholders, who appear to be such on the books of the trust company at the time it goes into the hands of the commissioner of banks for liquidation, may repudiate liability to creditors because they have been defrauded." See also *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 222-223. The conclusion here reached is consistent with the decision in *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 178-179, where, however, the Metropolitan Trust Company was held liable as a stockholder on facts materially different from those shown by the master's report in the present case.

*Decree affirmed.*