ERVIN J. FRIEDE, receiver, *vs.* JAMES P. MACKEY.

Norfolk.   May 13, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Corporation,* Stockholder's liability, Transfer of shares.

That a stockholder of record in a Federal joint stock land bank, long
  before the proceedings which led to an assessment upon the stock-
  holders, indorsed his certificate and delivered it as a gift to another,
  did not relieve him of liability for the assessment if he made no effort
  to have the shares transferred on the corporation's books.

CONTRACT.   Writ in the Municipal Court of Brookline
dated July 12, 1935.

Upon removal to the Superior Court, the action was heard
by *Fosdick,* J., who ordered judgment for the plaintiff in the
sum of $1,105.60.   The defendant alleged exceptions.

*F. M. Carroll,* for the defendant.

*T. Hunt, (J. E. Hartnett, Jr.,* with him,) for the plaintiff.

LUMMUS, J.   This is an action of contract by the receiver
of the Southern Minnesota Joint Stock Land Bank of
Minneapolis against an alleged stockholder in that bank,
to recover an assessment.   The general right to recover
that assessment from stockholders here was established in
*Friede* v. *Sprout,* 294 Mass. 512.   The plaintiff filed an
affidavit of no defence, under G. L. (Ter. Ed.) c. 231, § 59B.
*Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597.   In a
counter affidavit the defendant showed that a number of
years before the proceedings which led to the assessment,
he had indorsed his certificate of stock to his daughter and
had delivered it to her as a gift.   The stock was never trans-
ferred from the name of the defendant on the books of the
corporation, nor was the certificate ever sent to the corpora-
tion for transfer.   No dividend has since been received, and
the defendant has never since taken any action as a stock-
holder.   The judge, holding that these facts constituted no

defence, ordered judgment for the plaintiff under the statute cited. The defendant excepted.

The relevant statute is printed in a note to *Friede* v. *Sprout*, 294 Mass. 512. It fastens liability upon "shareholders," without further description. In that respect it is like our own statute as to trust companies (G. L. [Ter. Ed.] c. 172, § 24), and the national banking act (U. S. C. Title 12, §§ 52, 63, 64), which impose liability upon "stockholders" or "shareholders." In *Commissioner of Banks* v. *Waltham Trust Co.* 293 Mass. 62, 65, this court said, "the fact that stock stands on the books of the trust company in the name of a person is *prima facie* evidence that such person is the owner thereof and the burden of proving that he is not rests upon him. . . . And an individual once the owner of stock of a trust company and registered as such on its books cannot escape the stockholders' liability incident to ownership of such stock without showing that before the significant date he transferred ownership thereof to someone else . . . and performed the duty incumbent on him of securing the transfer of such stock on the books of the trust company or at least of doing all he could 'to divest himself of the indicia of title' thereto." In *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 159, 163, it appeared that the defendant White had sold his stock before the significant date, but that "the trust company never was notified of the sale nor was any new certificate ever called for or issued to the purchaser, and that the books of the trust company at the time of the receivership and at the time of the hearing showed him to be the owner of twelve shares of stock." The ruling that "upon these facts the sale of stock did not relieve this defendant from liability" was held "correct."

Similar rulings have been made under the national banking act. In *Matteson* v. *Dent*, 176 U. S. 521, 530, the rule was stated as follows: "the legal owner . . . remains liable for an assessment so long as the stock is allowed to stand in his name on the books, and, consequently, . . . although the registered owner may have made a transfer to another person, unless it has been accompanied by a

transfer on the books of registry of the association, such registered owner remains liable." See also *Apsey* v. *Whittemore,* 199 Mass. 65, 69, 70, affirmed *sub nomine Apsey* v. *Kimball,* 221 U. S. 514; *Superintendent of Banks of New York* v. *Moors,* 294 Mass. 518, 521; *Young* v. *Floria,* 81 Fed. (2d) 275. We need not consider just what unsuccessful effort by an assignor of corporate stock to cause the transfer to be recorded on the corporate books would relieve him of liability as a stockholder for a subsequent assessment. In the present case, so far as appears, no effort whatever was made.

*Exceptions overruled.*