DIRECTOR OF LIQUIDATIONS *vs.* CENTRAL TRUST COMPANY
& others.

Middlesex.   March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Trust Company*, Stockholder.   *Agency*, Straw.

Neither a certain corporation nor the sister of its president and active head was shown to be a stockholder of a trust company under G. L. (Ter. Ed.) c. 172, § 24, when the commissioner of banks took possession of it where it was found that previous thereto the president had purchased all shares of the trust company owned by the corporation and that under his direction they had been transferred to the name of the sister as a straw for him without her knowledge or consent.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on November 13, 1933.

Decrees confirming the report of a master and dismissing the bill as to Nathan H. Gordon Corporation and Sarah Scovell were entered by order of *Donahue,* J.   The plaintiff appealed.

*A. J. Santry,* for the plaintiff.

*Lee M. Friedman,* (*C. W. Spencer* with him,) for the defendant Nathan H. Gordon Corporation.

LUMMUS, J.   This is a suit in equity against Nathan H. Gordon Corporation and Sarah Scovell under G. L. (Ter. Ed.) c. 167, § 24, as amended by St. 1933, c. 41, § 4, to enforce their individual liability as stockholders in the insolvent Central Trust Company on May 10, 1932, when the commissioner of banks took possession of said Central Trust Company.   The liability is created by G. L. (Ter. Ed.) c. 172, § 24.   See now St. 1934, c. 349, § 14; St. 1937, c. 248. The liability is fastened upon "stockholders" without further description.   *Friede* v. *Mackey,* 298 Mass. 193, 194.

The facts appear in the report of a master, which was confirmed.   On the crucial date, May 10, 1932, no shares of the Central Trust Company stood in the name of the defendant

Nathan H. Gordon Corporation. On December 22, 1931, that corporation owned five hundred eighty shares, which on that day it transferred into the name of the defendant Sarah Scovell. She was the sister of Nathan H. Gordon, the president and active head of Nathan H. Gordon Corporation, who died on June 3, 1938. Sarah Scovell "was a woman of years, who could not read or write, had no business experience and knew nothing whatsoever about any of the said stocks being transferred to her name." "Sarah Scovell never purchased the . . . shares or knew or consented to the certificate for same being issued in her name." The stocks "were sold in the latter part of December 1931 by Nathan H. Gordon Corporation to Nathan H. Gordon, individually, . . . and he had certificates for the said shares issued in the name of his said sister as a straw for himself without her knowledge." The price paid was $5,800. On May 10, 1932, the shares standing in the name of Sarah Scovell "were actually owned by her brother Nathan H. Gordon, who was not made a party defendant in this action."

The Nathan H. Gordon Corporation would have been liable unless on May 10, 1932, it had done all that it could do to divest itself of the indicia of title to the stock. *Commissioner of Banks* v. *Waltham Trust Co.* 293 Mass. 62, 65. *Director of Liquidations* v. *Wood*, 306 Mass. 1, 5. But in this case the stock was actually transferred before that date on the books of the trust company to Sarah Scovell. There is no finding of a conspiracy to escape liability. *Bowden* v. *Johnson*, 107 U. S. 251, 261. *Matteson* v. *Dent*, 176 U. S. 521, 531. *Cox* v. *Montague*, 78 Fed. 845. Neither is there a finding that Nathan H. Gordon Corporation knew that Sarah Scovell was only a straw for Nathan H. Gordon, if such knowledge would be material. We think that Nathan H. Gordon Corporation is not liable. Neither, in our opinion, is Sarah Scovell, for she never was consciously a stockholder. *Keyser* v. *Hitz*, 133 U. S. 138, 149. *Williams* v. *Vreeland*, 250 U. S. 295.

It is not doubted that Nathan H. Gordon, who died on June 3, 1938, would have been liable as the real owner on

May 10, 1932, if· he had been made a defendant. *Commissioner of Banks* v. *Tremont Trust Co.* 259 Mass. 162, 175, 176. *Commissioner of Banks* v. *Waltham Trust Co.* 293 Mass. 62, 65. *Early* v. *Richardson,* 280 U. S. 496, 499. *Forrest* v. *Jack,* 294 U. S. 158, 162. *Kohn* v. *Dixon,* 100 Fed. (2d) 306, 307.

> *Interlocutory decree affirmed.*
> *Final decree affirmed.*