Joseph A. Broderick, as Superintendent of Banks of the State of New York, Respondent, *v.* Robert Adamson et al., Defendants, and Isaac Gordon et al., Appellants.

(Argued January 21, 1936; decided March 3, 1936.)

*Barnett E. Kopelman* for appellants. Defendants having sold their stock in good faith prior to the insolvency of the bank, for a valuable consideration, to a person capable in law of taking and holding, such sale does not come within the purview of section 120 of the Banking Law (Cons. Laws, ch. 2) which cannot be construed to continue the seller's assessment liability either by the application of the rules of statutory construction, or under the interpretation by the trial court, which would render it unconstitutional and void. (*Matter of Gibson,* 21 N. Y. 9; *Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260; *Broderick* v. *Adamson* [*Dinnen*], 148 Misc. Rep. 353; 243 App. Div. 692; *Richards* v. *Ackerman,* 162 N. Y. Supp. 657; *Van Tuyl* v. *Hachlier,* 160 App. Div. 41; 211 N. Y. 540; *Brown* v. *Crabb,* 156 N. Y. 447; *Cheney* v. *Woodruff,* 45 N. Y. 98; *Broderick* v. *Adamson,* 148 Misc. Rep. 353; 243 App. Div. 692; *Robinson* v. *National Bank of New Berne,* 95 N. Y. 637; *Lou Ow Bew* v. *United States,* 144 U. S. 47; *Bertles* v. *Nunan,* 92 N. Y. 152; *Matter of Steinway,* 31 App. Div. 70; 159 N. Y. 250; *Broderick* v. *Aaron* [*Sternlieb*], 240 App. Div. 537; 266 N. Y. 506; *Persons* v. *Gardner,* 113 App. Div. 597; 188 N. Y. 571; *Van Tuyl* v. *Schwab,* 174 App. Div. 665; 220 N. Y. 661; *Graham* v. *First Nat. Bank,* 84 N. Y. 393.)

*Harold N. Cohen, Edward Feldman, Samuel K. Field* and *Carl J. Austrian* for respondent. Defendants are personally liable for the assessment under section 120 of the Banking Law as transferors to a non-resident. (*Broderick* v. *McGuire,* 119 Conn. 83; *Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260; *Persons* v. *Gardner,* 113 App.

Div. 597; 188 N. Y. 571; *Broderick* v. *Aaron* [*Kessler*], 268 N. Y. 411; *Broderick* v. *Aaron* [*Sternlieb*], 240 App. Div. 537; 266 N. Y. 506; *Sinclair* v. *Fuller*, 9 App. Div. 297; 158 N. Y. 607; *McDonald* v. *Dewey*, 202 U. S. 510; *Matter of Reciprocity Bank*, 22 N. Y. 9; *Corning* v. *McCullough*, 1 N. Y. 47; *Cochran* v. *Wiechers*, 119 N. Y. 399; *Lowry* v. *Inman*, 46 N. Y. 119; *Wiles* v. *Suydam*, 64 N. Y. 173; *Bailey* v. *Hollister*, 26 N. Y. 112; *Van Tuyl* v. *Schwab*, 174 App. Div. 665; 220 N. Y. 661; *Howarth* v. *Angle*, 162 N. Y. 179; *Broderick* v. *Normandie Nat. Securities Corp.*, 240 App. Div. 409; 265 N. Y. 540; *Broderick* v. *Adamson* [*Dixon & Co.*], 240 App. Div. 229; *Lowry* v. *Inman*, 46 N. Y. 119; *Flash* v. *Conn*, 109 U. S. 371; *Hancock Nat. Bank* v. *Farnum*, 176 U. S. 640; *Whitman* v. *National Bank of Oxford*, 176 U. S. 559; *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243; *Selig* v. *Hamilton*, 234 U. S. 652; *Marin* v. *Augedahl*, 247 U. S. 142; *Broderick* v. *Aaron*, 264 N. Y. 368; *Johnson* v. *Underhill*, 52 N. Y. 203.) Defendants are personally liable for the assessment under subdivision 1 of section 120 of the Banking Law as stockholders of record. (*Telegraph Co.* v. *Davenport*, 97 U. S. 369; *Broderick* v. *Aaron*, 151 Misc. Rep. 516; *Mohr* v. *Penny Co.*, 242 App. Div. 385.)

CROUCH, J. On and prior to December 11, 1930, the defendant Isaac Gordon appeared and now appears upon the stock ledger of The Bank of United States as the owner and holder of eighty shares of its capital stock which were represented by three certificates, one of fifty shares, one of twenty shares and one of ten shares; and defendants Isaac Gordon and Yale Schulman appeared and now appear as the joint owners and holders of 150 additional shares of the capital stock of said bank, represented by two certificates, one of 100 shares and one of 50 shares. On December 9, 1930, defendants sold and delivered the entire 230 shares to one Ethel Gordon, who then resided and still resides in Stamford, Conn.

This action was brought upon an assessment of twenty-five dollars per share, levied against the defendants as the holders of record of said 230 shares. Plaintiff had judgment which was unanimously affirmed upon appeal.

Prior to the closing of the bank, the five certificates representing the 230 shares had been presented for transfer and transfer had been refused. It was found below that the refusal was unwarranted as to three of the certificates representing 160 shares. We may disregard that phase of the case and deal with the question presented as if the transfer of the entire 230 shares had been made of record, since the decision below was that " a full and complete transfer by the defendants Isaac Gordon and Yale Schulman to Ethel Gordon, a resident of the State of Connecticut, of the stock held by them upon the books of The Bank of United States would not have relieved them from liability for the payment of the assessment so levied against them." The reason given for that decision was that " under the provisions of section 120 of the Banking Law the transfer of stock of a domestic banking corporation to a non-resident of the State of. New York does not operate to relieve that transferor from liability."

It is the contention of the appellants that since article VIII, section 7, of the State Constitution provides that " stockholders " shall be liable for the assessment, the Legislature could not preserve the liability of persons, once stockholders, who had ceased to occupy that status prior to the closing of the bank; and, in any event, that the Legislature has not done so.

The constitutional provision is not self-executing, nor does it define the term " stockholder." We turn to the statute. Section 120 of the Banking Law (Cons. Laws, ch. 2) says that " The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank; " and then it says: " The term ' stockholder,' as used in this section shall apply to: 1. Such persons as appear by the books of the bank to be stockholders;

2. Every owner of stock, legal or equitable, although the same may be on such books, in the name of another person." The defendants, having in good faith transferred their stock, and the transfer having been made on the books of the bank, they are neither stockholders of record nor the legal or equitable owners of the stock. But section 120 further says: " No person who has in good faith, and without any intent to evade his liability as a stockholder, caused his stock to be transferred on the books of the bank when such bank is solvent to any resident of this state of full age previous to any default in the payment of any debt or liability of the bank, shall be subject to any personal liability for any contracts, debts or engagements of the bank." Because that so-called immunity clause of the statute is phrased in the negative, it is urged that there was a failure by the Legislature affirmatively to impose a continuance of liability upon a stockholder who transfers in disregard of its limitations. The point is without substance. Where the Legislature fixes specific boundaries within which a stockholder must act to escape liability, it follows necessarily that an act outside the limits leaves the stockholder liable. The courts have repeatedly so held; as where the transfer was made after the bank became insolvent (*Persons* v. *Gardner*, 113 App. Div. 597; affd., 188 N. Y. 571), or where made to an infant (*Broderick* v. *Aaron* [*Sternlieb*], 240 App. Div. 537; affd., 266 N. Y. 506).

That the Legislature had power to enact the immunity clause and thereby preserve, or perhaps extend, the liability of the class mentioned in article VIII, section 7, of the Constitution, cannot be doubted. (*Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260.) " The Federal and State Constitutions alone bound the freedom and power of the Legislature." (*Racine* v. *Morris*, 201 N. Y. 240, 244.) The State constitutional provision, while permitting no legislative limitation upon the responsibility of those who are stockholders, does not, expressly or impliedly, prohibit the Legislature from

preserving that responsibility once it has attached.   Nor is there any interference with freedom of contract by imposing transfer to a resident of New York as one condition of escaping liability.   The right to transfer the stock, inherent in ownership, is not affected.   The non-resident transferee gets a good title, though the transferor has breached all the terms of the immunity clause; and since the non-resident transferee, by becoming a stockholder, is subjected to the statutory liability, there can be no just claim of discrimination.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.