SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK
*vs.* JOHN F. MOORS & others.

Suffolk.    January 14, 1936. — June 1, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Corporation*, Stockholder.    *Bank.*

An assessment, by the superintendent of banks of the State of New York, made under enabling statutes of that State upon a Massachusetts stockholder in a bank incorporated in New York, created a liability which was contractual and transitory and which could be enforced in a court of this Commonwealth in an action brought by the superintendent as an independent executive in whom by those statutes the cause of action was vested.

It appearing that the New York statutes fastened liability for such assessments upon "such persons as appear by the books of the bank to be stockholders," a firm of stockbrokers, thus appearing on the books of the bank, could not escape liability on the ground that they had purchased shares and had resold them to a customer but, for the convenience of the customer, had had them transferred to and held in their own names, nor on the ground that the customer also could be held to liability as real owner of the shares.

Under a provision of such statutes of New York, that a certificate by the superintendent of banks, reciting "his determination to enforce" the stockholders' liability "and setting forth the value of the assets of such corporation and the liabilities thereof as of a date prior to his determination" should be "presumptive evidence" of such facts, such a certificate in an action by the superintendent to enforce the assessment against a Massachusetts stockholder in a court of this Commonwealth was conclusive evidence of the need for and extent of the assessment.

An assessment so levied by the superintendent was valid and conclusive though made without notice to the stockholders.

CONTRACT.    Writ in the Superior Court dated December 8, 1933.

The action was heard by *Morton*, J., upon a case stated, and was reported without decision for determination by this court.

*C. F. Albert*, for the plaintiff.

*B. Aldrich*, (*C. P. Curtis, Jr.*, with him,) for the defendants.

LUMMUS, J. Carrying out the provisions of art. VIII, § 7, of the Constitution of New York, adopted in 1894, its banking law (Laws of 1914, c. 369), § 120, provides: "The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

The Bank of United States is a banking corporation formed under the laws of New York. The defendants are partners in a stock brokerage business in Boston, and are residents of Massachusetts. In February and March, 1930, they bought one hundred thirty shares of the stock of said bank and resold them to residents of Rhode Island, who still own them. For the convenience of the purchasers, in case of possible trading, the shares were transferred from the former owners into the name of the defendant firm, which therefore on December 11, 1930, appeared on the books of the bank to be the owner of one hundred thirty shares having an aggregate par value of $3,250, although in fact it owned none.

On December 11, 1930, the bank had a total authorized and issued capital stock of $25,250,000, represented by one million ten thousand shares of the par value of $25 each. On that day, it appearing to the then superintendent of banks that the bank could not "with safety and expediency continue business," he took possession of the business and property of the bank and engaged in the liquidation thereof, under the authority of § 57 of the banking law (Laws of 1914, c. 369, § 57). Under § 72 he duly notified the creditors to present claims on or before June 30, 1931. Subsequently he determined that the excess of liabilities over assets amounted to more than $30,000,000. Thereafter, pursuant to § 80, on July 1, 1932, he determined to enforce the liability of stockholders to the full extent of the par value of their stock. He made demand in writing upon the stockholders, including the defendants, for payment of the assessment, fixing August 8, 1932, as the date for payment. No assessment or demand was ever made

upon the real owners of the stock in Rhode Island. The defendants failed to pay the assessment, and this action of contract was begun to collect it.

This case was presented on a case stated, which denied to the court any power to draw inferences. G. L. (Ter. Ed.) c. 231, § 126. It is reported to this court without decision, under G. L. (Ter. Ed.) c. 231, § 111.

We need not go over the ground traversed in *Friede* v. *Sprout, ante,* 512, to show that the liability of a stockholder is contractual in its nature, and enforceable in any State where he may be found; and that the superintendent of banks of New York may sue here "as an independent executive in whom has been vested by statute the cause of action sued on." *Broderick* v. *Rosner,* 294 U. S. 629, 641. *Broderick* v. *McGuire,* 119 Conn. 83, 89–94.

The fact that the defendants were not the real owners of the shares did not absolve them from liability. The statute fastened liability upon "such persons as appear by the books of the bank to be stockholders." § 120. This is a legally effective provision. In terms it is more stringent than some other statutes of similar purpose, like Mass. G. L. (Ter. Ed.) c. 172, § 24, and the national banking act, U. S. C. Title 12, §§ 52, 63, 64, under which a stockholder of record may be absolved from liability if he has actually transferred his shares and has done all he could to divest himself of the *indicia* of title. *Commissioner of Banks* v. *Waltham Trust Co.* 293 Mass. 62. *Apsey* v. *Whittemore,* 199 Mass. 65, affirmed *sub nomine Apsey* v. *Kimball,* 221 U. S. 514. See also *Forrest* v. *Jack,* 294 U. S. 158; *Seabury* v. *Green,* 294 U. S. 165; *Pottorff* v. *Dean,* 77 Fed. (2d) 893. But even if this rule were to be applied to the New York statute (*Richards* v. *Robin,* 178 App. Div. [N. Y.] 535, 543; *Broderick* v. *Pomerantz,* 148 Misc. [N.Y.] 188; *Broderick* v. *Aaron,* 151 Misc. [N. Y.] 516, 531; *Richards* v. *Schwab,* 101 Misc. [N. Y.] 128, 143–145), it would do the defendants no good. They intentionally permitted the stock to stand in their names on the books after an actual transfer. *Van Tuyl* v. *Robin,* 160 App. Div. (N. Y.) 41, affirmed 211 N. Y. 540. *Skinner* v. *Schwab,* 188 App. Div. (N. Y.) 457, 469. *Brod-*

*erick* v. *Aaron*, 151 Misc. (N. Y.) 516, 526. *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 474, 475. *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 163. See also *Broderick* v. *Aaron*, 264 N. Y. 368; *Heiden* v. *Cremin*, 66 Fed. (2d) 943, 91 Am. L. R. 247. We need not inquire whether a completed transfer to a nonresident of New York would have relieved the defendants of liability. *Broderick* v. *Adamson*, 270 N. Y. 228.

Although the real owner who has not caused his stock to be transferred into his name is liable as well as the transferor, and indeed primarily liable (*Broderick* v. *Aaron*, 264 N. Y. 368; *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 474), the superintendent of banks is under no duty to discover him and make demand upon him in levying an assessment. *Broderick* v. *Normandie National Securities Corp.* 240 App. Div. (N. Y.) 409, affirmed 265 N. Y. 540.

The statutes of New York contemplate an assessment by the superintendent of banks, not by a court in judicial proceedings as in *Friede* v. *Sprout, ante,* 512. The levy of an assessment under the New York banking law, § 80 (Laws of 1914, c. 369, § 80), is conditioned not upon actual excess of liabilities over assets, but upon the determination of that fact by the superintendent of banks, who then determines to enforce the individual liability of the stockholders and makes demand in writing upon them severally. In this the law of New York resembles our own law and the national banking act, under which the determination of an administrative officer is conclusive. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78. *Commissioner of Banks* v. *McKnight,* 281 Mass. 467, 469. *Forrest* v. *Jack*, 294 U. S. 158, 162. *Broderick* v. *American General Corp.* 71 Fed. (2d) 864, 869, 94 Am. L. R. 1359, 1368. *Broderick* v. *McGuire*, 119 Conn. 83, 88, 89. A rule permitting the actual condition of the corporation, and the need and extent of an assessment, to be tried in every jurisdiction in which a stockholder might be found, would be thoroughly impractical. Such matters ought to be settled in the State where the corporation is organized or located, either by judicial decree as in *Friede* v. *Sprout, ante,* 512; or by administrative

action. The assessment may be, and in practice usually must be, made before complete liquidation of the assets, and while the amount at least of the required assessment remains a matter of opinion. *Broderick* v. *Adamson*, 148 Misc. (N. Y.) 353, 372, 373, affirmed 270 N. Y. 228.

It is true, that § 80 made the certificate of the superintendent of banks, "reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the value of the assets of such corporation and the liabilities thereof, as determined by him after examination and investigation," "presumptive evidence" of such facts as therein stated, and that after the amendment made by Laws of 1934, c. 494, it made such certificate reciting "his determination to enforce such liability, or any part thereof, and setting forth after examination and investigation the value of the assets of such corporation and the liabilities thereof as of a date prior to his determination," "presumptive evidence" of the necessity of such assessment and of the facts as therein stated. It is contended that the use of the words "presumptive evidence" implies that the determination of the superintendent of banks is not conclusive, and that the assessment may be upset by a judicial finding, in an action against any stockholder, that it was unnecessary in whole or in part. Such a conclusion would lead to such confusion that it ought not to be reached unless the language of the statute plainly requires it. The contrary was held, and the certificate was held conclusive, in *Broderick* v. *Adamson*, 148 Misc. (N. Y.) 353, 370, quoted and followed in *Broderick* v. *American General Corp.* 71 Fed. (2d) 864, 869, 870, 94 Am. L. R. 1359, 1368, 1369. In *Broderick* v. *Rosner*, 294 U. S. 629, 645–647, the matter was left open, although it was held that the declaration need set out only the "stock ownership of the defendants, the assessment, the demand, and failure to pay, together with the determination of the value of assets and liabilities" (page 646) and it was said (page 645) that that part of § 80 relied on by the defendant "does not declare, as a rule of substantive law, that the determination is open to attack in an action to enforce the

stockholders' liability." We cannot follow *Broderick* v. *McGuire*, 119 Conn. 83, 100, 101, in holding that the declaration in a case like the present must set out an actual deficiency of assets instead of a determination by the superintendent of banks that such a deficiency existed. The statutory reference to "presumptive evidence" is satisfied by applying it to possible cases in which the actual condition is important. In an action to recover an assessment, we think that it is unimportant.

It is true, as Mr. Justice Holmes said in *Wheeler* v. *Greene*, 280 U. S. 49, 51, that an assessment such as was made upon a stockholder in the case at bar or such as is made upon a stockholder in a national bank, is made "behind his back," without preliminary notice, and without giving him opportunity to be heard. But it is not therefore invalid. For one reason, "the obligation is contractual, and . . . contemplates the possibility of such an assessment." *Howarth* v. *Lombard*, 175 Mass. 570, 578. Besides, the levy of an assessment is not necessarily a judicial act, nor a final deprivation of property. Provisional transfers of funds or property may sometimes be required by administrative orders, without notice, hearing or judicial action, just as in judicial proceedings they may be required in advance of final decision, as by attachment, writ of replevin or preliminary injunction. *The New England Divisions Case*, 261 U. S. 184. *Shea* v. *Peters*, 230 Mass. 197, 201. Under the national banking act, and the banking laws of New York and Massachusetts, the levy of an assessment upon stockholders is valid, without notice or hearing, as a provisional administrative act. If more is collected than proves to be necessary, the excess must be repaid. *Kennedy* v. *Gibson*, 8 Wall. 498. *Bushnell* v. *Leland*, 164 U. S. 684. *Korbly* v. *Springfield Institution for Savings*, 245 U. S. 330. *Coffin Brothers & Co.* v. *Bennett*, 277 U. S. 29. *Forrest* v. *Jack*, 294 U. S. 158, 162. *Schram* v. *Schwartz*, 68 Fed. (2d) 699. *Weitzel* v. *Brown*, 224 Mass. 190, 192. *Broderick* v. *Adamson*, 148 Misc. (N. Y.) 353, 370, affirmed 270 N. Y. 228. *Broderick* v. *Rosner*, 294 U. S. 629, 645–647, dealing with the statute of New York now under con-

sideration. *Broderick* v. *McGuire,* 119 Conn. 83, 88, 89. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, 88. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 342.

The assessment in this case is for the full value of the shares. An action at law lies to enforce it. *Van Tuyl* v. *Sullivan,* 173 App. Div. (N. Y.) 391, 394, 395. *Van Tuyl* v. *Kress,* 172 App. Div. (N. Y.) 563, 565. *Broderick* v. *Betco Corp.* 149 Misc. (N. Y.) 245, 247–248. *Broderick* v. *American General Corp.* 71 Fed. (2d) 864, 94 Am. L. R. 1359. *Aufdenkamp* v. *L'Herrison,* 56 Fed. (2d) 344.

*Judgment for the plaintiff.*