Untermyer, J.
The plaintiff, Superintendent of Banks, commenced separate actions at law to recover from each of the defendants on the liability imposed upon them as stockholders of the Globe Bank and Trust Company.
The complaints are identical except for the difference in the number of shares of stock owned by the defendants. They allege that on August 22, 1931, the capital of the Globe Bank and Trust Company was $1,525,000, represented by 15,250 shares of stock of the par value of $100 per share; that on that date it appeared to the plaintiff that the Globe Bank and Trust Company could not with safety continue in business and that he thereupon took possession of its property. It is further alleged that, subsequent to August 22, 1931, and prior to July 22, 1932, “ the plaintiff, from his examination of its affairs, determined that the reasonable value of the assets of Globe Bank and Trust Company was not sufficient to pay its creditors in full.” Although the assets are not stated nor valued in the complaint, it is stated that the admitted debts and liabilities of the Globe Bank and Trust Company to its creditors exceed the sum of $855,000 and that disputed contingent *215 liabilities amount to the further sum of $233,000. The complaint further alleges that the plaintiff determined to enforce the individual liability of the stockholders by an assessment of $100 upon each share of stock and that on July 22, 1932, he made written demand upon each of the defendants for the payment of such assessment, stating therein “ the total amount assessed by the plaintiff against the stockholders, the equal and pro rata share assessed against each stockholder for each share of stock held by him, and the total amount of such assessment for all the shares of stock of such stockholder.”
After joinder of issue the plaintiff moved for summary judgment in each action under rules 113 and 1Í4 of the Rules of Civil Practice. The defendant Heinemann made a cross-motion to dismiss the complaint. The plaintiff’s motion for summary judgment was granted in full by the Special Term and judgment was entered against each defendant to the extent of $100 for each share of stock held by him in the Globe Bank and Trust Company. The motion of the defendant Heinemann to dismiss the complaint was denied.
Limiting our consideration to the allegations of the complaint, we think it sufficiently states a cause of action against each of the defendants. The principal basis of attack on the complaint is that it fails to allege that the assets of the bank are insufficient to pay its creditors in full, but alleges only that the Superintendent has determined such to be the fact. In sustaining the complaint the Special Term has held that the revision of the Banking Law enacted in 1914 (Laws of 1914, chap. 369), conferring power on the Superintendent to determine the necessity for the assessment, renders his determination conclusive upon the stockholders except for legal error or bad faith, to the same extent that similar determinations by the Comptroller of the Currency are conclusive in respect to national banks. (Kennedy v. Gibson, 8 Wall. 498; Casey v. Galli, 94 U. S. 673; United States v. Knox, 102 id. 422; Studebaker v. Perry, 184 id. 258.) We are, however, of opinion that it is not necessary to decide ttds precise question for, assuming the determination of the Superintendent not to be conclusive,1 it is at least prima facie evidence of the propriety of the assessment. That conclusion necessarily follows from the provisions of section 80 of the Banking Law, that the Superintendent shall have a cause of action for unpaid assessments against the stockholders of the bank whenever “ he has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full.” The statute which authorizes such a determination to be made implies at least that the determination shall be regarded as correct unless overthrown by countervailing proof. We conclude, therefore, that the com *216 plaint is sufficient on its face and that the order denying the motion to dismiss should be affirmed.
A different problem arises on the plaintiff’s motions for summary judgment. From the affidavits submitted on those motions it is entirely clear, as the Special Term likewise held, that an assessment of $100 per share is wholly unnecessary if each stockholder is liable only for an equal proportion of the deficit. Indeed, the Superintendent contends that there is a deficiency of assets of only $366,222.96 which, even increased by the expenses of liquidation, would under no circumstances require an assessment of $1,525,000, if the deficit is to be apportioned pro rata among the stockholders. Such an assessment can only be justified, and is only attempted to be justified, on the theory that every stockholder is liable up to the par value of his stock, not merely for his aliquot part of the deficit but also to the extent that other stockholders shall fail to pay their proportionate share. Since this presents entirely a question' of law on the decision of which depends the validity of the assessment, it is subject to judicial review (United States v. Knox, 102 U. S. 422, 425), even if unassailable on other grounds.
It is not disputed that the question thus presented is controlled by the provisions of the Constitution of this State and the statutes as they existed at the time of the assessment and at the time the actions were commenced. At that time article 8, section 7, of the Constitution (repealed by amendment at the general election held November 5, 1935, effective January 1, 1936) provided as follows: “ The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind”
Section 120 of the Banking Law, so far as material, provided: “ Bights and liabilities of stockholders; who liable as stockholders; who may enforce liability; within what time action must be commenced. The rights, powers and duties of stockholders of banks shall be as prescribed in the General Corporation Law and the Stock Corporation Law; but the individual liability of such stockholders for the contracts, debts, and engagements of the bank and the time within which an action may be instituted to enforce such liability shall be governed exclusively by the provisions of this section and section eighty of this chapter.
“ The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of the amount of their *217 stock therein, at the par value thereof, in addition to the amount invested in such shares.”
Section 80 of the Banking Law, to which reference is made in section 120, provided, in part:
“ Superintendent may enforce payment of statutory liability of stockholders; notice thereof, and effect of failure to pay at time fixed. Whenever a liability of stockholders for the amount of their respective shares of any such corporation exists, and the Superintendent has duly taken possession of the property and business of such corporation, and has duly notified creditors to present and make proof of their respective claims and the last day to present such claims has expired, and he has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders in whole or in part. In case he determines to enforce such liability, he shall make demand in writing upon such stockholders by causing such demand to be enclosed in sealed envelopes addressed and mailed, postage prepaid, to said respective stockholders at their last known places of address as the same appear upon the stock ledger of such corporation or at their last known address if no address appears in said ledger. Such demand shall state the total amount assessed by the Superintendent against the stockholders and the equal and pro rata share assessed against each stockholder for each share of stock, and the total amount of such assessment for all the shares of stock of such stockholder. Such demand shall also fix a date, not earlier than thirty days from the date of such notice, upon which such stockholders shall be required to pay such assessment to the Superintendent. In case any such stockholder shall fail or neglect to pay such assessment within the time fixed in said notice, the Superintendent shall have a cause of action, in his own name as Superintendent of Banks, against such stockholder either severally or jointly with other stockholders of such corporation, for the amount of such unpaid assessment or assessments, together with interest thereon from the date when such assessment was, by the terms of said notice, due and payable.”
The Special Term was of the opinion that the provisions of the Constitution were self-executing and that, even in the absence of legislation, creditors might maintain an action against stockholders to enforce the liability thereby created. Although there are expressions to the contrary (Broderick v. Adamson [Gordon], 270 N. Y. 228; Broderick v. Aaron [Kornberg], 268 id. 260), we shall, for the purposes of this discussion, assume that to be true, for we think the case may be decided upon other grounds.
*218 In two particulars at least do the constitutional provisions relating to the liability of stockholders in banking institutions differ from those of the Banking Law. The Constitution does not authorize an action by the Superintendent to recover upon that liability but only contemplates an action by creditors to that end. (Hirshfeld v. Fitzgerald, 157 N. Y. 166; Hirshfeld v. Bopp, 145 id. 84; Barnes v. Arnold, 45 App. Div. 314. See, also, Hale v. Allinson, 188 U. S. 56; Converse v. Hamilton, 224 id. 243; Willis v. Mabon, 48 Minn. 140.) Again, the Constitution authorizes a recovery against stockholders without limitation up to “ the amount of their respective share or shares of stock in any such corporation,” whereas section 120 of the Banking Law specifies that they shall only be liable “ equally and ratably and not one for another ” for the engagements of the bank. It follows that where the action is maintained upon the Lability created by the Constitution it may be asserted against each stockholder without regard to his pro rata share of the deficit; where asserted exclusively under the provisions of the Banking Law it is limited to the pro rata share. That was the effect of the decision in Matter of Hollister Bank (27 N. Y. 393). Proceeding, therefore, on the assumption that the constitutional provision is self-executing, it still is necessary for the Superintendent to rely on the provisions of the Banking Law authorizing him to maintain an action on behalf of creditors, and if his right thereunder is limited to the enforcement, “ equally and ratably,” of the liability of stockholders, then he may under no circumstances recover for more. He may not assert a cause of action with which he is endowed by statute and at the same time disregard its limitations. The Special Term concluded, however, that by section 80 of the Banking Law the Superintendent might enforce the rights of creditors under the Constitution without subjecting himself to the limitations imposed by section 120.
We think the Superintendent’s cause of action under section 80 is the statutory cause of action created in his favor by section 120 and that, being statutory, it is limited to the recovery against each stockholder of a proportionate share of the bank’s deficit. It would be strange indeed, if the Legislature, which by section 120 provided with such particularity that stockholders of banking institutions should be Hable “ equally and ratably and not one for another,” should, by section 80 of the same statute, have authorized the Superintendent to maintain an action on behalf of creditors upon the theory that each stockholder was liable for the failure or inability of others to pay. We are able to find no indication of such an intention in the Banking Law, especially when section 80 is read in conjunction with section 120. Section 120 creates the *219 statutory liability. For the method of enforcement of that liability it expressly refers to section 80. Obviously, therefore, section 80 must have been intended to prescribe the conditions under which the liability created by section 120 might be enforced by the Superintendent of Banks. Not only does this appear by the direct reference to section 80 but it appears also from its heading, which refers, not to the Constitution, but to the “ statutory liability of stockholders.” This, too, is a circumstance not to be disregarded in the interpretation of the statute. (People v. Molyneux, 40 N. Y. 113. See, also, General Construction Law, § 81.) The same purpose is expressed by those provisions of section 80, which specify the conditions under which the Superintendent may maintain an action against stockholders. He shall, in that event, make demand in writing upon stockholders, which, it is important to observe, must not only set forth the total amount assessed against the stockholders but “ the equal and pro rata share assessed against each stockholder for each share of stock.” There is no suggestion in the statute that this applies only where the assessment is for a part of the stockholder’s liability and not for the full amount. It is “ such assessment ” that the stockholder is required to pay and for “ such unpaid assessment ” only is the Superintendent authorized to maintain an action. The opening sentence of section 80 when thus read in connection with those which follow seems clearly to refer to the statutory liability created by section 120, which, in turn, expressly refers to section 80. The Superintendent likewise appears so to have construed these provisions, for each complaint alleges that the written demand upon the stockholders, though for an assessment of $100 on each share of stock, sets forth that it represents “ the equal and pro rata share assessed against each stockholder for each share of stock held by him.” It is significant, also, that sections 299* and 322 of the Banking Law, relating respectively to the liability of stockholders of investment and safe deposit companies, refer to section 80 as prescribing the conditions under which the Superintendent may maintain an action thereon although neither is included in the constitutional provision.
It is suggested that these provisions of the Banking Law are rendered unconstitutional if construed to be more restricted than the constitutional provision (Broderick v. Aaron [Kornberg], 268 N. Y. 260), and that this should be avoided if it is at all possible to harmonize the statute and the Constitution. (People ex rel. Bridgeport Sav. Bank v. Feitner, 191 N. Y. 88; Dollar Co. v. Canadian C. & F. Co., 220 id. 270.) That result, however, does not follow *220 upon our construction of the statute. We have already pointed out that only creditors may maintain an action under the constitutional provision. Their right to do so is not abridged by these provisions of the statute which apply only to the Superintendent of Banks. When the Legislature authorized suit by an officer who derives no right to maintain it from the Constitution, it had power to impose the conditions and to prescribe the limitations under which the authority might be exercised. It is true, as the Special Term suggests, that some practical difficulties may arise in the enforcement of their rights both by creditors and by the Superintendent of Banks. We think those difficulties are not insuperable. Moreover, a similar situation was under consideration in the Hollister Bank case (supra), where the same difficulties would necessarily ensue. Yet they seem not to have been thought to be so compelling as to require an interpretation of the statute which its language did not justify.
The order denying the motion of defendant Adolph Heinemann to dismiss the complaint should be affirmed. The orders granting summary judgment and the judgments entered thereon should be reversed, with costs, and the motions denied.
Martin, P. J., Townley, Cohn and Callahan, JJ., concur.
Orders granting motions for summary judgment and the judgments entered thereon unanimously reversed, with costs, and the motions denied. Order denying motion of defendant Adolph Heinemann to dismiss the complaint unanimously affirmed.

 Since amd. by Laws of 1931, chap. 490, and Laws of 1934, chap. 500; repealed by Laws of 1937, chap. 888, and new section added by same chapter.— [Rep.