JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Appellant, *v.* MICHAEL WEINSIER, Respondent.

SAME, Appellant, *v.* ADOLPH HEINEMANN, Respondent.

SAME, Appellant, *v.* HENRY PETRY, Respondent.

SAME, Appellant, *v.* CONRAD PLATZ, Respondent.

Argued May 24, 1938; decided July 7, 1938.

*John A. Mullen* and *Harrison W. Gebhardt* for appellant. The complaint states facts sufficient to constitute a cause of action. (*Broderick* v. *Betco Corp.*, 149 Misc. Rep. 245; *Broderick* v. *Adamson*, 146 Misc. Rep. 456.) The stockholders of every corporation and joint-stock association for banking purposes shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association for all its debts and liabilities of every kind. (*Matter of Hollister Bank*, 27 N. Y. 393; *Matter of Empire City Bank*, 18 N. Y. 199; *Broderick* v. *Betco Corp.*, 149 Misc. Rep. 245; *Van Tuyl* v. *Schwab*, 174 App. Div. 665; 220 N. Y. 661; *Schalucky* v. *Field*, 124 Ill. 617; *People ex rel. Winchester* v. *Coleman*, 133 N. Y. 279; *Rogers* v. *Decker*, 131 N. Y. 490; *Corning* v. *McCullough*, 1 N. Y. 47.) Section 7 of

article 8 of the State Constitution is self-executing so far as it lays down the measure of the stockholders' liability. (*People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *Chittenden* v. *Wurster*, 152 N. Y. 345; *Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228; *Converse* v. *Hamilton*, 224 U. S. 243; *Bernheimer* v. *Converse*, 206 U. S. 516; *Dupee* v. *Swigert*, 127 Ill. 494; *Golden* v. *Cervenka*, 278 Ill. 409; *Western Pacific Ry. Co.* v. *Godfrey*, 166 Cal. 346; *Jones* v. *Jarman*, 34 Ark. 323; *Union Nat. Bank* v. *Halley*, 19 S. D. 474; *Eau Claire Nat. Bank* v. *Benson*, 106 Wis. 624; *Marshall* v. *Sherman*, 148 N. Y. 9; *Hancock Nat. Bank* v. *Farnum*, 176 U. S. 640; *Whitman* v. *Oxford Nat. Bank*, 176 U. S. 559; *People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48; *Story* v. *Furman*, 25 N. Y. 214.) Section 80 of the Banking Law (Cons. Laws, ch. 2) gives the Superintendent of Banks the right to enforce the liability of stockholders imposed by section 7 of article 8 of the State Constitution. (*People* v. *Ryan*, 274 N. Y. 149; *Wright* v. *Russell*, 155 Misc. Rep. 877; 245 App. Div. 708; *Isaac* v. *Marcus*, 258 N. Y. 257.)

*Joseph Katz, William Roth, Henry D. Levy* and *Otto M. Gabler* for respondents. The complaint fails to state facts sufficient to constitute a cause of action. (*Adkins* v. *Thornton*, 19 Ga. 325; *Cheney* v. *Scharmann*, 145 App. Div. 456; *Van Tuyl* v. *Schwab*, 172 App. Div. 670.) Stockholders of a bank in liquidation are liable equally and ratably each for himself and not one for another for the debts and engagements of the bank up to the par value of their stock and where the deficit is less than the par value of the outstanding stock each stockholder is liable only for his proportionate share thereof in such ratio as the par value of his stock bears to the par value of the entire issue. (*Matter of Hollister Bank*, 27 N. Y. 393; *United States* v. *Knox*, 102 U. S. 422; *Atwood* v. *R. I. Agricultural Bank*, 1 R. I. 376; *Adkins* v. *Thornton*, 19 Ga. 325; *Wiswell* v. *Starr*, 48 Me. 401; *Coyle* v. *Taunton Safe Deposit Trust Co.*, 216 Mass. 156; *Howarth* v. *Angle*,

162 N. Y. 179; *Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228; *Marshall* v. *Sherman*, 148 N. Y. 9; *Terry* v. *Little*, 101 U. S. 216; *Hood* v. *Guaranty Trust Co.*, 270 N. Y. 17; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271.)

LEHMAN, J. The Superintendent of Banks in 1931 took possession of the business and property of Globe Bank and Trust Company, pursuant to provisions of the Banking Law (Cons. Laws, ch. 2), and proceeded to liquidate it. The defendants are stockholders of the bank. The Superintendent of Banks has instituted a separate action against each defendant to recover the " amount " of his shares in the bank. At the time that the Superintendent of Banks took possession of the bank and at the time he began these actions, article VIII, section 7, of the Constitution of the State provided that " the stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind." He asserts in these actions the right to enforce the stockholders' responsibility, decreed by the Constitution.

Except for difference in the name of the defendant and the number of shares owned and held by him, the complaints in the three actions are identical. After each defendant had filed an answer, the plaintiff moved in each action for summary judgment under rules 113 and 114 of the Rules of Civil Practice. The motions were granted. The defendant Heinemann made a cross-motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. That motion was denied. All the defendants appealed to the Appellate Division from the summary judgments against them and the defendant Heinemann by appropriate notice of appeal brought up for review the intermediate order denying his motion to dismiss the complaint. The Appellate Division reversed the orders for

summary judgment and the judgments entered thereon but held, upon the defendant Heinemann's appeal, that the complaint was sufficient. It has granted leave to appeal, in each action, certifying for review the following questions of law:

"1. Does the complaint herein set forth facts sufficient to constitute a cause of action?

" 2. Upon the record on appeal herein, is the plaintiff entitled to summary judgment for the relief demanded in the complaint? "

The provision of the Constitution imposing upon the stockholders of a bank responsibility for its debts has been repealed by vote of the people of the State, but the repeal does not affect liability already accrued. Though the Constitution provided that the stockholders of a bank " shall be individually responsible " for the debts and liabilities of the bank, it is silent as to how and by whom the stockholders' responsibility may be enforced, and as to " when liability arises, upon whom it falls, and how long it continues." (*Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260, 264.) The Legislature had power to speak where the Constitution was silent. It might, by statute, provide appropriate procedure to carry out the mandate of the Constitution, though legislation which would defeat or even restrict a self-executing mandate of the Constitution would be beyond the power of the Legislature.

We have said recently that " The constitutional provision is not self-executing, nor does it define the term ' stockholder.' " (*Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228, 231.) In section 120 of the Banking Law (now § 113-a) the Legislature defined the term stockholder and created a statutory cause of action for the enforcement of the individual liability of a stockholder. It provided, among other things, that " The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of

the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." Concededly if the defendants as stockholders of the insolvent bank are responsible only "equally and ratably and not one for another" for the debts of the bank, the Superintendent of Banks is not entitled to summary judgment, for it appears from the affidavits submitted on the motion that the deficit in the bank's assets which must be made good, if all the debts of the bank are to be paid in full, is much less than the amount of the capital stock of the bank at its par value. The Superintendent of Banks asserts, however, that, in addition to the cause of action created and defined *by the statute*, he has a cause of action to enforce a stockholder's individual responsibility created *by the Constitution*, and that this responsibility is not subject to the limitations contained in the statute.

A provision for individual responsibility of the stockholders of a bank to the amount of their respective share or shares was contained in the Constitution of 1846, but, like the provision in the present Constitution, it is silent as to how and by whom that responsibility may be enforced. Within three years thereafter, the Legislature created a cause of action for the enforcement of such liability by chapter 226 of the Laws of 1849. The cause of action created by that statute, like the cause of action created by section 120 of the Banking Law, provided for enforcement of liability only "equally and ratably." In *Matter of Hollister Bank* (27 N. Y. 393) this court held that the Legislature might place limitations upon a statutory cause of action which it created. The court at the same time pointed out that if the Constitution creates a liability "upon which an action might have been maintained against any or all the stockholders of such an association, if the Legislature had passed no act to carry out that provision" the Legislature would have no power to limit the liability created by the Constitution or to provide that the only

action which might be maintained would be an action to enforce that liability in part. The court did not, however, find it necessary in that case to decide whether by self-executing provision the Constitution did create a liability which would be enforceable by action even though the Legislature passed no act to carry out the provision. The proceedings in that case were brought pursuant to the statute and were subject to the regulations or limitations imposed by the statute, even if, through some other form of action brought by a different plaintiff, a wider liability might have been enforced.

For more than eighty years all proceedings to enforce a stockholder's liability were brought pursuant to the statute and subject to its limitations. There has been no assertion heretofore by the Superintendent of Banks or by the creditors of a bank that proceedings other than those authorized by statute might be brought to enforce a liability against stockholders not ratably, but one for the other. Argument may be made that it is unfair to place upon a stockholder of a bank responsibility for more than his proportional share of the debts of the bank. (Cf. *Terry* v. *Little*, 101 U. S. 216.) It is clear that when the Legislature by chapter 226 of the Laws of 1849, created a cause of action to enforce a stockholder's responsibility ratably, it believed either that the provision of the Constitution created a stockholder's responsibility which was ratable and not one for the other, or that the constitutional provision was not self-executing but left the Legislature free to define that responsibility and to provide such form of action for its enforcement as it deemed wise. We may not suppose that the Legislature intended to create a cause of action for enforcement of limited responsibility if it construed the Constitution as providing for a broader liability.

The form of the statute at the time this action was brought shows beyond possibility of doubt that the Legislature intended that for definition and enforcement of a stockholder's liability, we must look to the statute

alone.   No other construction is possible of the provision of section 120 of the Banking Law that the " individual liability of such stockholders for the contracts, debts, and engagements of the bank * * * shall be governed exclusively by the provisions of this section and section 80 of this chapter."   Section 80 (now § 632) provided, so far as material to the question we are discussing, that " whenever a liability of stockholders for the amount of their respective share of any such corporation exists * * * the superintendent * * * may enforce the individual liability of such stockholders in whole or in part."   Certainly the Legislature has not vested in the Superintendent any authority to bring any action other than the action provided by statute to enforce the liability defined by the statute.

The Appellate Division has so held, and has based its decision upon that ground.   It has left open the question whether the provision of the Constitution is self-executing and creates a cause of action in favor of creditors to enforce responsibility of stockholders " one for another " for the amount of stock held by each.   We have already said that the constitutional provision is not self-executing. The Legislature has so construed that provision since its adoption.   An experience of eighty years has demonstrated that statutes were necessary to define what the Constitution has left undefined, and to create a new cause of action appropriate for enforcement of a stockholder's responsibility.   No other cause of action was created by the Constitution or may be maintained for enforcement of that responsibility.

We cannot pass upon the cross-motion of the defendant Heinemann to dismiss the complaint.   No appeal has been taken to this court from the order denying it.

In each action the order should be affirmed, with costs. The first question certified is not answered and the second question is answered in the negative.

O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Orders affirmed, etc.