NYEN HOLDING CORPORATION, Plaintiff, *v.* HENRY M. KAHLE and Others, Defendants.

Supreme Court, Westchester County, July 25, 1941.

*Strang & Taylor,* for the plaintiff.

*Jean Nelson Penfield,* for the defendants.

WITSCHIEF, J. The defendants in these consolidated actions were former stockholders of the Mount Vernon Trust Company which was closed, along with all other banks, in March, 1933. It was later opened on a restricted basis and a plan for its reorganization was promulgated under section 61-a of the Banking Law. The plan provided for the contribution by each then stockholder of the bank of three dollars per share for each share owned by such stockholder, which would produce $225,000, to be added to the assets of the reorganized bank. According to a report submitted to the Chamber of Commerce of Mt. Vernon, N. Y., by an investigating committee, the capital structure of the reorganized bank following the completion of the plan would be made up of $1,500,000 capital, $500,000 surplus, $166,605.45 undivided profits, and $268,816.50 as a special reserve. The $225,000 to be contributed by the stockholders under the plan of reorganization is to be found somewhere in the surplus, undivided profits and special reserve. The plan was consented to by stockholders owning 51,721 shares, and stockholders owning 23,280 shares refused their approval of the plan and refused to sign the agreement which would require them to contribute three dollars per share to the fund. The plan was approved by an order of the Supreme Court which was modified and affirmed by the Appellate Division, Second Department, *Matter of Mount Vernon Trust Co.* (241 App. Div. 835). In affirming the order of the Supreme Court, the Appellate Division stated that it did not pass upon the validity of the statute. The Superintendent of Banks refused to permit the bank to resume general business until the full contribution of $225,000 had been made by stockholders of the bank. Seventeen gentlemen thereupon entered into an agreement with the Superintendent of Banks to pay the

three dollars per share for each of the 23,280 shares whose owners had refused to make such contribution, and agreed to pay the $69,840 necessary for that purpose, " provided, however, that the Superintendent of Banks grants the request of the Reorganization Committee and authorizes and levies such assessment of three dollars per share." The agreement recites that the reorganization committee had requested the Superintendent of Banks to authorize and levy an assessment of three dollars per share under section 207 of the Banking Law. That section, now section 114, related to an assessment to make good an impairment of the capital stock of a bank and the only remedy afforded for a refusal to pay an assessment was possible forfeiture of the stock held in the bank. Under date of May 23, 1934, by a letter to the Mount Vernon Trust Company the Superintendent of Banks undertook to authorize and direct the bank to levy an assessment of three dollars per share upon such of the shares of the capital stock of the bank as to which contributions of three dollars per share had not been paid. Thereafter, the board of directors of the bank adopted a resolution whereby an assessment of three dollars per share was levied upon each share of the stock of the bank and the officers were authorized to enforce the collection thereof. The order of the Supreme Court approving the plan for the reorganization of the bank provided that the Superintendent of Banks was authorized to levy an assessment upon such of the shares of stock as to which contributions of three dollars per share have not been paid. The gentlemen who furnished the money necessary to pay the contributions of those stockholders who refused to contribute to the plan then formed the plaintiff corporation and to it has been assigned whatever cause of action exists to recover from the non-assenting stockholders the contribution of three dollars for each share of the stock of the bank held by them at the time the plan was approved. One of the defenses asserted by the defendants is that this transaction constituted a violation of section 280 of the Penal Law, but no violation of that section is found in the facts as stated. Another defense is that the payment of the contributions of the non-assenting stockholders was voluntary and may not be recovered. The gentlemen who made this payment were directors of the former bank and evidently felt that they were under a duty to the depositors and creditors of the bank to aid in its reorganization and resumption of business. The Superintendent of Banks refused to permit the bank to resume business without an adequate surplus and reserves so that the payment of the contributions of the non-assenting stockholders was not voluntary and the plaintiff represents those who made such payment. The defense that the payment was voluntary is also

overruled. It remains to be determined whether a contribution by the non-assenting stockholders can be enforced in this action. If the so-called assessment was based upon section 207 (now section 114) of the Banking Law, no cause of action for the recovery of the assessment exists since the only remedy provided by that section was possible forfeiture of the stock. If the so-called assessment was based upon the State Constitution (1933) and then section 120 of the Banking Law, those who might enforce such assessments are specified in the statute and the plaintiff is not one of those. The State Constitution (Art. VIII, § 7) then provided that the stockholders of every bank shall be individually responsible to the amount of their respective shares of stock for all debts and liabilities of the bank. As this constitutional provision was not self-executing, the Legislature had the power to provide for its execution and enacted section 120 (now section 113-a) of the Banking Law for that purpose. (*Broderick* v. *Weinsler*, 278 N. Y. 419.) By former section 120 of the Banking Law each stockholder of a bank was made responsible for the debts of the bank to the extent of the amount of his stock therein, such liability to be enforced only by the Superintendent of Banks or a receiver of the bank, unless the Superintendent or receiver refused to take such action upon proper request when any creditor might enforce the liability after recovering a judgment against the bank. By section 80 of the Banking Law the Superintendent of Banks was required first to determine that the reasonable value of the assets of the bank was not sufficient to pay its creditors in full, and to make a demand upon the stockholders for the amount assessed against each stockholder, etc. No assessment was ever levied upon these defendants by the Superintendent of Banks in accordance with these provisions of the Banking Law and an action to recover an assessment if made could not in any event be brought by this plaintiff. Nor was any assessment authorized either by the Constitution or by former section 120 of the Banking Law for the purpose of raising funds to enable the bank to resume business. An assessment under former section 120 of the Banking Law was authorized only for the purpose of meeting the debts and liabilities of the bank, not to enable it to resume business. The only remaining question is whether the non-assenting stockholders who did not agree to the plan of reorganization and especially did not agree to contribute three dollars for each share of stock in the bank held by them are nevertheless bound to make such contribution by virtue of the provisions of section 61-a of the Banking Law. It has been said that an individual may not justly complain of a reasonable legislative invasion of his usual rights or a reasonable legislative restriction of his usual liberty for

the purpose of averting an immediate danger which threatens the safety and welfare of the community. (*Matter of People [Tit. & Mtge. Guar. Co.*], 264 N. Y. 69.) In that case the provisions of the Schackno Act which bound all certificate holders by the actions of the holders of two-thirds in principal amount of the mortgage investment, were held to be a valid legislative enactment. It was held further that unreasonable insistence on contractual rights might be forbidden where serious injury to the economic welfare of all the people might result. (See, also, *Shepherd* v. *Mount Vernon Trust Co.*, 269 N. Y. 234.) The Schackno Act did go so far as to permit the court to reduce the rate of interest payable on a mortgage against the objections of a minority of certificate holders. Section 61-a of the Banking Law permits the Superintendent of Banks to authorize a bank to resume business in accordance with a plan of reorganization which may include a provision that stockholders will contribute their stock and/or money in lieu of assessments on such stock. If the plan is consented to by creditors representing at least eighty per cent of the liabilities of the bank, and stockholders owning at least two-thirds of its outstanding capital stock and if the Superintendent of Banks approves the reorganization, all depositors and creditors and stockholders are subject to and bound by the provisions of the plan. No provision is made by the statute for the collection of any contribution by a stockholder toward the capital of the reorganized bank. The use of the word " contribution " coupled with the failure to provide how the contribution may be collected or its payment enforced, and the fact that the contribution is spoken of as being in lieu of an assessment, rather indicates that the contribution referred to was expected to be a voluntary contribution, not a compulsory contribution, the only penalty for failure to contribute being whatever liability to assessment existed. Unless this plan had been promulgated and approved the bank would have been liquidated by the Superintendent of Banks and the stockholders would have been called upon to pay any amount up to the par value of their stock holdings to meet any debts or liabilities of the bank. The holders of more than two-thirds of the stock of this bank evidently felt that by contributing three dollars per share to the capital of the reorganized bank they might avoid a possible larger liability, even to the full amount of the par value of their stock. In this view they may have been wise, although the fact cannot be demonstrated. In *Doty* v. *Love* (295 U. S. 64), cited by the plaintiff, the Mississippi statute made no provision for a contribution by stockholders, but the plan for reorganization did make such provision and further **provided** that shareholders not contributing would remain per-

sonally liable as if no plan had been adopted. The framers of the plan in the Mississippi case did not attempt to compel contribution by those stockholders who refused to contribute voluntarily and instead left them to assume whatever statutory liability existed as to them. The defendants here had the right to insist that their liability as stockholders of the bank be enforced in accordance with the Constitution and statutes however unwise and ungenerous such action on their part may be. The conclusion reached is that the Legislature in the enactment of section 61-a of the Banking Law did not intend that if more than two-thirds of the stockholders agreed to contribute to a fund to enable the bank to resume business, the remaining stockholders must make a like contribution. If the Legislature did intend by such enactment to so provide, it exceeded any power vested in it, and to that extent the act is invalid and the order of this court approving the plan is likewise ineffective. As there is no other basis for the maintenance of these actions except that to be found under section 61-a of the Banking Law, it follows that a verdict must be directed in favor of each of the defendants in the consolidated action dismissing the complaint upon the merits with one bill of costs, unless the order of consolidation makes other provision for costs.